McCormick v. Bishop.

28   233
d129  622

1. Homestead: ADJOINING TENANTS AND IN COMMON. In *Rhodes, Pegram & Co.* v. *McCormick*, 4 Iowa, 368, it was determined that the second and third stories of a building, used as a home by the owner, were, with the soil, exempt to him as a homestead, while the first floor and cellar, not being thus used, were not thus exempt, but liable to be sold under execution. *Held*, in the present case, that the purchaser under execution sale of the portion not thus exempt, and the defendant to whom the other portion was exempted as a homestead, were not tenants in common, but adjoining tenants, possessing separate and distinct interests.

2. Supreme Court: PRACTICE. The Supreme Court will not declare rules or define rights in advance, or generally, but only upon a case arising in which are presented specific grounds of action or specific questions for judicial settlement.

*Appeal from General Term, Seventh District (Muscatine County).*

SATURDAY, OCTOBER 22.

HOMESTEAD: PRIOR DECISION REFERRED TO. — The petition is follows:

THE STATE OF IOWA, } ss.
  MUSCATINE COUNTY. }

WILLIAM McCORMICK *v.* J. A. BISHOP.

*To the District Court of said County :*

1. Your petitioner, above named, represents, that prior to the month of July, A. D. 1860, he was the owner in fee of the west half of lot No. 2, in block No. 33, in the city of Muscatine.

2. That, by a decision of the Supreme Court of the State of Iowa, the first story and the cellar of the house situate on said lot was subjected to sheriff's sale to satisfy a judgment of Rhodes, Pegram & Co. against your petitioner; that in the month of July, 1859, said first story and cellar was sold to satisfy said judgment, and in one year from that date, to wit, in 1860, a deed was made for the same, and defendant now claims to hold said premises under and by virtue of a conveyance made to him from the purchasers at said sale.

3. Petitioner further represents, that while the decision of said Supreme Court has in general terms declared that the said first story and cellar was subject to sale to satisfy said judgment, and that the second and third stories were petitioner's homestead, yet the rights and duties of the respective owners are not fixed or defined in said decision; and, while the evident intent of said decision was to so fix and define the rights of said parties as to allow them to own and enjoy their respective interests in severalty, the situation of the property is such that it cannot be owned and enjoyed without the aid of this court.

4. Petitioner further represents, that said house is so constructed that he cannot comfortably enjoy his homestead without the exclusive use of all the ground he owns in the rear of said house. That his use of that part of the ground is greatly obstructed by the back door windows and cellar door of said store-room and cellar.

That he has a wood-house and back stairs in the immediate rear of said house, into which wood-house the back door of said store-room opens; that said defendant, claiming the right of passing in and out of said back door, uses petitioner's premises for the purpose of so passing and repassing; that filth and offal from the store-room on the first floor is set out or thrown into petitioner's wood-house; that the persons trading at said store use petitioner's wood-house as a privy, making it offensive, and preventing its free use and enjoyment by petitioner; that the manner in which said store-room is used has caused the floor thereof to settle; that resting on said floors are posts or pillars, supporting the joists of the second and third stories; that, by reason of the settling of said first floor, the floors of said second and third stories and the roof have settled, to the great damage of said house, and that it can only be repaired by raising from the cellar; that the roof of said house is out of repair, and can only be repaired at great expense; that the store-room is used as a wholesale and retail grocery store; that the rolling of barrels and hogsheads, the handling of boxes and other heavy substances, cause an almost constant jarring and shaking of said house; that the said store-room was designed for a dry goods store, and was not constructed sufficiently strong and solid for a grocery store, and that its use for a grocery store greatly impairs petitioner's enjoyment of his homestead; that the flues leading from the store are out of repair, and cause petitioner's house to be at times filled with smoke, and make its occupants uncomfortable; that the cistern is so constructed that petitioner cannot get water therefrom without defendant's permission; that he has no cellar for family use, save by the permission

of defendant; that his front passage way is often obstructed by the goods of defendant; that the front wall of the second and third stories is supported by a timber that is so much decayed as to require a new one; that no division of taxes can be made that will be just to the parties, for the reason that all of the lot is rendered entirely worthless to petitioner (his house being suspended between heaven and earth).

5. Petitioner further represents, that unless said house is repaired by raising the floors, retinning the roof and doing many other things absolutely necessary to be done, the same will soon become worthless; and while he understands that the court has suspended his homestead in the *air*, he does not understand that he is compelled to remain there; and, he is now desirous of having his rights defined, and his homestead right so fixed that he can enjoy the same in the manner contemplated by statute.

6. Petitioner further states, that he is desirous of changing his homestead in such manner as will enable him to come down from his ærial abode and permit him to inhabit the earth, but that, because of the uncertainty of his interest in said property, and consequently of the value of said interest, he cannot, in the present uncertain state of affairs, dispose of the same for what he deems its fair value.

7. He further represents, that the ground to which he has undisputed title is of the value of $4,500, that the whole house in its present situation is worth about $2,500, and that the store-room and cellar is not worth more than $1,250.

8. He further represents, that the use of the ground occupied by said defendant is worth at least $300 per annum, and that the same has been occupied by said defendant since the year 1862, and that, in justice, he owes petitioner the sum of $1,500 for the use of said ground.

9. Inasmuch as petitioner is without remedy in this most singular case, save in a court of equity, he prays that said defendant be ruled to answer this petition, that, upon a final hearing of the case, the rights and duties of the parties

McCormick v. Bishop.

may be fixed and determined as to repairs, taxes, the use and occupancy of the house, the use of the ground, etc. That the value of the interest of each of said parties may be ascertained, and, because of the fact that said property is not susceptible of being divided so as to be owned and enjoyed in severalty, petitioner prays that the same may be sold by a master appointed for that purpose, and, in case petitioner has no other remedy, that he may be allowed to take said house down and rebuild the same in such manner as to have and enjoy the benefit of the statute allowing homesteads to heads of families, and for such other and further relief as shall be in accordance with equity.

D. C. CLOUD,<br>
<em>Solicitor for petitioner.</em>

Defendant demurred generally, because the petition did not state facts sufficient to constitute a cause of action.

The District Court sustained the demurrer, and its decision was affirmed by the General Term. The plaintiff appealed.

*Cloud & Broomhall* for the appellant.

*Richman & Carskaddan* for the appellee.

DILLON, Ch. J. — This case arises out of that of *Rhodes, Pegram & Co.* v. *McCormick*, 4 Iowa, 368. The present opinion presupposes an acquaintance with the facts of that case. Plaintiff's counsel disclaim in their written argument any attempt to deny that that decision, so far as it goes, governs and fixes the rights of the parties, whatever may be their opinion of its correctness. On the faith of that judgment, the defendant may be presumed to have acquired his ownership of the property he claims, and that decision, as between these parties, must be taken and accepted as the basis of their respective rights.

*1. HOMESTEAD: adjoining tenants and in common.*

McCormick v. Bishop.

Under it the title to the soil of the whole lot is in McCormick, the present plaintiff. The first floor and the cellar were held to be liable to sale on execution, and of these the present defendant is the owner. The other portion of the building belongs to the plaintiff.

Concerning the respective rights, duties and obligations of the parties, the decision in 4 Iowa, *supra*, uses this language:

"The second objection is one arising from a supposed inconvenience or difficulty in settling the rights of the respective owners. But why any more inconvenience than if the parties had voluntarily, or by agreement, thus settled their respective interests? It is not very unusual, certainly, for one person to own the soil and the first floor of a building, and another the second, and perhaps the third, story of the same building. So one may own the soil, and other parties each own the different floors; and instances have doubtless occurred, where the owner of the soil has leased or conveyed to another the right to build the first story and occupy the same; and by agreement acquired the right to build on the same walls other stories, to be owned and occupied by himself. *The respective rights of the parties under such circumstances*, when not controlled by contract, *are easily settled by legal rules.* And the same rules which obtain when the parties become voluntarily thus related, must govern when the relation is an involuntary one. We need not refer in detail to their respective rights and obligations, nor do more than to say, generally, that *each is to use his own so as to do as little injury to the property of the other as possible.* The title to the soil remains, in the case before us, in the defendant or owner of the homestead. The purchaser under the execution acquires *the right to the possession of the first floor and cellar, and every part of each; which right is to continue*

McCormick v. Bishop.

*so long as the same is tenantable. He may rent it, and in every respect use and enjoy it, as his own property,* having regard to the rights of the persons owning and occupying the remaining portion of the building. He has a right to protect his walls; to make all necessary repairs; and to all needful means of access to his said premises. The owner or occupant of the upper stories is to be in no manner disturbed in the possession of said premises; has a right to pass and repass by the ordinary and constructed passage or stairway, so as to enjoy and use his homestead; but must do nothing to endanger the property of the purchaser under execution, nor to unnecessarily impair his rights. This is all we deem it necessary to say, at present, in reference to the legal rights and obligations resulting from this somewhat unusual division of this property. Guided by these suggestions or rules, there need be no reasonable ground for future trouble or difficulty."

This, it is obvious, regards the parties, not as owners in common, but as having separate interests, as being in fact *adjoining tenants,* and not tenants in common. The interests of the parties is several, and is *already divided.*

So far, then, as the petition asks that the property may be partitioned, or sold and the proceeds divided, it is plain that there is no ground on which the court can order this to be done.

There is some embarrassment to the court in the disposition of this case, arising out of uncertainty of purpose, 2. SUPREME for which many allegations, relating to want of COURT: practice. repairs, obstructions in the use and enjoyment of the plaintiff's property, etc., are made. If these are made for the purpose of showing that the plaintiff does not find his homestead to be comfortable and convenient, and to base thereon a claim to have all sold, it is

our opinion that these cannot form the foundation of any such right.

If these and similar allegations are made for the purpose, as stated in argument, "of having the law of the case more fully declared and the plaintiff's rights defined," this cannot be done in advance and generally, but only upon a case made, presenting specific grounds of action or specific questions for judicial settlement. So far as this record presents such questions, we can decide them, but no further. As to taxes, there need be no practical difficulty. In contemplation of law, each party has a title to his portion of the property, and each must pay taxes on his own. So as to repairs.

As each owns his part separately, so each must make thereon, at his own expense, at least all ordinary and usual repairs. The rules of law as to the rights and duties of adjoining tenants, in this respect, will apply to the peculiar relation of the parties with respect to this property. See Washburne on Easements, and cases and authorities cited in chap. 4, sec. 5, p. 480, *et seq.* As to extraordinary repairs, and liability to contribute to the repairs of other portions, such as flues, supports, etc., such questions must be settled when the nature of and the necessity for the repairs are precisely ascertained, and no rule can be definitely stated beforehand.

It is averred in the petition that the plaintiff is obstructed in the use and enjoyment of the ground in the rear of the store, and that the defendant claims the right of passage in and out of the back door, over the plaintiffs lot; and that he throws offal, etc., upon it. By the original decision the adjoining property belongs to the plaintiff; and any unwarrantable use of it by the defendant will give the plaintiff the ground for an action for damages, or perhaps for other relief on a petition properly framed for that purpose.

It is said in the former opinion that the defendant herein would be entitled "to all needful means of access to his said premises." Assuming that this would give him the right of way over the plaintiff's adjoining ground for access to rear door of store, a petition would lie, in case of disagreement, to have the right of way located; on the other hand, if no such right of way exists, plaintiff could sue for trespasses upon the adjoining lot, and in a proper case might have preventive relief. So if the defendant by allowing his portion to remain out of repair, was endangering the safety of the plaintiff's premises above, a court of equity would, in a proper case, compel the defendant to make the repairs, or to allow the plaintiff to do so at the defendant's expense, wholly or in part, as might be determined to be right and just. This observation is made upon the assumption that the defendant does not propose to abandon his portion of the premises to the plaintiff. Putting upon the petition its most natural construction, it is the opinion of the court that the demurrer was rightly sustained, and its judgement is affirmed.

In view, however, of the nature of the case, and the somewhat uncertain purpose with which several material allegations are made, it is deemed proper to remand the cause, with leave to the plaintiff to amend if he shall be so advised.

Affirmed and remanded.