AUGUST SCHAEFFER, Respondent, *v.* JOBST H. BELDS-
MEIER, Appellant.

### January 18, 1881.

1. The report of appraisers, made in a proceeding under the statute to subject
    the residue of real estate claimed as a homestead to the satisfaction of an
    execution, is not conclusive as to the value of the realty, but may be set
    aside in a direct proceeding for that purpose.

2. In such a proceeding an offer of the creditor to pay the debtor a certain sum for his homestead right, and to credit him on the execution with another sum, provided the debtor would convey the premises to the creditor, is not evidence that the property was worth the aggregate of both sums.

3. To prevent a sale of the homestead, a severance may be effected by setting out the homestead, subject to a perpetual easement of way over it, where this can be done without greatly depreciating the value of the premises, or greatly inconveniencing the parties.

APPEAL from the St. Louis Circuit Court, BOYLE, J.
*Reversed and decree entered.*

KEHR & TITTMANN, for the appellant : The proceedings resulting in the allotment of the homesteads are conclusive, no objection or exception thereto having been taken at the return term of the execution. — *Barney* v. *Leeds*, 54 N. H. 142 ; Thompson on Home. & Ex., sect. 667 ; *Spoon* v. *Reid*, 78 N. C. 245.

FINKELNBURG & RASSIEUR, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is a proceeding under sect. 10 of the Homestead Act (Rev. Stats., sect. 2698), to subject the residue of certain real estate in the city of St. Louis, in excess of the homestead of the defendant, to the satisfaction of a judgment for $3,535.20, obtained by the plaintiff against him in the St. Louis Circuit Court.   The premises in question consist of a lot of ground having a front of thirty-five feet on Cass Avenue in St. Louis, and extending back between parallel lines, one hundred and thirty-three feet and nine inches to an alley.   On the front portion of the lot, and fronting on Cass Avenue, there is a building of eight rooms, occupied by the defendant as his homestead, and by his tenants.   On the rear portion there is a similiar building fronting on the alley.   The plaintiff sued out execution on his judgment, and directed the sheriff to levy it on the entire premises.   This the sheriff did, and thereafter advertised the entire premises for sale.   The defendant having in the meantime claimed the premises as his homestead,

the sheriff summoned three appraisers, who proceeded, in conformity with another section of the statute (Rev. Stats., sect. 2690), to fix the location and boundaries of the defendant's homestead. This they did by setting off to the defendant that portion of the lot fronting on Cass Avenue to a depth of eighty-three feet, leaving as the portion which the sheriff might sell under the execution, that portion which fronts on the alley with a depth of fifty feet, nine inches. The circumstances of " great inconvenience " and " great depreciation in value," which are supposed to make this a case for relief under sect. 10 of the Homestead Act, consist in the fact that, in addition to the alley on which the building on the rear lot fronts, that portion of the premises is approached by a paved private way, three feet wide, extending from Cass Avenue along and over the east side of the front portion of the lot to the building on the rear lot, which foot-way would, it is supposed, be cut off from the tenants of the rear lot by the partition determined upon by the appraisers.

The plaintiff, having learned the decision of the appraisers, directed the sheriff not to proceed with the sale, but to return the execution into court, with his doings thereon, which he accordingly did; and the plaintiff thereupon filed a motion in the cause, praying for the relief which he now seeks in the present proceeding; but the court, being of opinion that such relief must be sought for in a separate proceeding, overruled the motion. The plaintiff then filed the present petition, setting forth, in substance, the foregoing facts, and averring that the severance of the lot, as determined upon by the appraisers, would greatly depreciate the value of the residue of said premises ( meaning the rear portion ), and be of great inconvenience to the plaintiff, or parties interested in the residue, as well as in the homestead ; and praying for the relief granted by the statute.

The section of the statute referred to reads as follows :

"Whenever any dwelling-house, out-building, and the land in connection therewith in which a homestead right shall exist, shall exceed the respective value mentioned in sect. 2689, and a severance of such homestead would greatly depreciate the value of the residue of the premises, or be of great inconvenience to the parties interested either in such residue or in such homestead, either party may apply to the Circuit Court, by petition, setting forth the facts for relief; and upon the hearing of such petition, if it shall appear that such homestead cannot be occupied in severalty without great inconvenience to the parties interested in such homestead or in such residue, the court may order such homestead to be transferred to such other parties, and the payment of the value of the homestead interest to the owner thereof; or, at the option of such owner, may order such other parties to transfer such residue to him, and order him thereupon to pay such other parties the value thereof, to be fixed by the court; or, if the case require it, the court may order a sale of the whole premises, and apportion the proceeds between the parties. And such court may make all such orders in the premises as shall be equitable and needful." Rev. Stats., sect. 2698.

The case was tried in the court below without a jury. Evidence was adduced on the part of the plaintiff to show that a severance of the property according to the decision of the appraisers would diminish the value of that part fronting on the alley, by reason of cutting off the private-way; and counter evidence was presented by the defendant. Testimony was also offered on both sides as to the value of the premises unsevered, and the value of the respective portions if severed according to the decision of the appraisers, — the effort of the plaintiff evidently being to show as large a valuation as possible, and that of the defendant the contrary.

The learned judge who heard the cause entered a decree which contains two elements: First, a finding of fact, namely,

that a severance of the premises according to the report of the appraisers would greatly depreciate the value of the residue ; that the homestead cannot be occupied in severalty without inconvenience to the parties interested in such residue ; and that the value of the whole premises, undivided, is $6,000. Second, an alternative order (1) that the defendant might discharge the lien of the plaintiff's judgment upon the residue in excess of homestead, by paying him $3,000 ; or (2) that, if the defendant should fail to pay this sum for the residue within the time limited therefor, the plaintiff should pay to him the $3,000, and thereupon all the right, title, and interest of the defendant in the entire premises, including the defendant's homestead, should vest in the plaintiff ; or (3) that, in lieu of the foregoing, the defendant might elect to have the whole of the premises sold at public auction, in which event he should receive out of the proceeds the sum of $3,000, and the remainder should go to the plaintiff ; and finally, (4) if the defendant should not elect to pay to the plaintiff the $3,000 as above provided, nor to have the premises sold at public sale, and if the plaintiff should not elect to pay the defendant $6,000 for the premises, as above provided, then this proceeding should be dismissed with costs, etc.

The decision at which we have arrived involves the conclusion that the point insisted on by the defendant, that the report of the appraisers is conclusive, is not well taken. We may concede — though it is not necessary for us to decide it — that the proceedings of the appraisers, if they had been consummated by the sale of the residue, or if they had been suffered to pass without timely objection, would have been conclusive. But the plaintiff proceeded in the only way which appears to have been open to him, to have them set aside in a direct proceeding. He directed that the sale be not proceeded with, but that the sheriff return the execution into court, with his doings thereon ; and when this was done, he endeavored to invoke the aid of the statute by

a motion in the case in which the judgment had been rendered. The ruling of the court that this could not be done, but that he must proceed by a petition in the nature of a separate suit, drove him to the present proceeding; which, therefore, is to be regarded as taking the place of the motion made in the original cause, and as a direct proceeding to vacate the action of the appraisers. It is only in collateral proceedings that the judgments of the courts and the decisions of special tribunals of this nature are deemed conclusive upon the parties to them.

It is conceded by both parties that this proceeding is so far analogous to a suit in equity that, upon this appeal, the whole case is before us for reëxamination, both as to the law and the facts. All the testimony is preserved in a bill of exceptions; and, looking into this testimony, we are of opinion that it does not warrant the conclusion of the court below that the entire premises are of the value of $6,000. The only matter upon which this conclusion appears to have been based, was an offer made by the plaintiff's attorney, at the close of his testimony, to pay the defendant $3,000 for his homestead in the premises, and to credit him with $3,000 on the execution for the residue, provided the whole premises were conveyed to the plaintiff free from incumbrance. We know of no principle upon which such an offer could be treated as evidence of the value of the premises; and although the learned judge evidently treated it as a proposition for a settlement more favorable to the defendant than he would otherwise be entitled to under the evidence, so that, if an error, it was an error beneficial to him, yet we cannot so regard it. It is equivalent to a finding that the residue in excess of homestead was of the value of $3,000, and deprives the defendant of the option given by the statute to have the residue transferred to him (which, in this case, would mean to have the lien of the plaintiff's judgment released therefrom) on payment of the value thereof.

The evidence does not warrant the conclusion that the value of this residue is more than $2,000.

The homestead contemplated by our statute is a homestead in kind. It is, as against creditors, in the nature of a charge, or incumbrance, in favor of the wife and children of the debtor, upon that portion of his real estate which is occupied by himself and family as a home, not being in excess of a given quantity and value. It is, if practicable, to be set off to the debtor in kind, and is not to be sold to the creditor, even at the full limit of its statutory value, merely because the creditor may wish to purchase it. It is against the policy of the statute to permit it to be sold for partition except in cases of necessity; for this would place it within the power of imprudent heads of families to squander the proceeds, and thereby deprive the family of the benefit of the exemption. Nor is this objection obviated by the fact that the statute provides that in case of the sale of the homestead under the section under which this proceeding is instituted, the court may control the investment of the proceeds in a new homestead, or their payment out of court, as in the case of the funds of married women. Rev. Stats., sect. 2699. This would be an inconvenient and expensive proceeding, liable to abuse, and not to be resorted to except in cases of necessity. What such a case of necessity is, is pointed out by the statute itself. It is not a case where the severance of the homestead would slightly, or even considerably, depreciate the value of the residue, nor where it would result in slight, or even considerable, inconvenience to the parties, or either of them; but it is a case where a severance of the homestead would " *greatly* depreciate the value of the residue," or be of " *great* inconvenience to the parties interested, either in such residue or in such homestead."

If the case required it we should not hesitate to decide that the facts shown by the testimony do not make out a case for the relief granted under the section of the statute

under which this proceeding is instituted. But under that clause of the statute which empowers the court " to make all such orders in the premises as shall be equitable and needful," we find it practicable to do full justice to the parties without driving them to the expense of another proceeding. There appears to be no good reason why the premises set apart by the appraisers to the defendant as his homestead cannot be assigned to him subject to an easement of way through the private alley already described, to be enjoyed in common by the owners and occupiers of both the front and rear portions of the premises. The case presents no such difficulty as that in *Rhodes* v. *McCormick*, 4 Iowa, 368, and *McCormick* v. *Bishop*, 28 Iowa, 233, where the two upper floors of a building were partitioned to the debtor as his homestead, and the lower floor and cellar sold under the creditor's execution. But we may easily decide this case without going to the extent of approving the decision of the Supreme Court of Iowa in the former of those cases.

It is clear from the evidence, that if the premises were severed in accordance with the decision of the appraisers, with the additional provision of a reservation of a perpetual easement of way in the three-foot alley, for the benefit of the future tenants of the rear premises, this would not reduce the defendant's homestead below the value of $3,000, nor substantially interfere with his enjoyment of it. This would entirely meet the difficulty which has been the cause of the filing of this petition, and leave the defendant in the unimpaired enjoyment of the homestead guaranteed by the statute.

We therefore reverse the decree of the Circuit Court, and enter a decree in this court declaring that the homestead of the appellant shall consist of that portion of the premises set apart to him as his homestead by the appraisers, subject to a perpetual easement of way, to be enjoyed in the alley-way in question, by the future owner or owners, occupier

or occupiers of the residue of the premises on which the execution was levied. The costs of the court below, and of this appeal, are to be paid by the respondent. The other judges concur.