JOHN N. STRAAT, Respondent, v. GEORGE RINKLE, JR., Appellant.

June 24, 1884.

HOMESTEAD — APPRAISEMENT — EXECUTION — MOTION TO QUASH. — Proceedings under a levy and appraisement having been suspended by the sheriff to await the action of the court in proceedings under section 2698 of the homestead act, such appraisement is not conclusive on the defendant who can show all the facts in the proceeding under said section, and a motion to quash the execution on the ground that the appraisement is erroneous is properly overruled.

APPEAL from the St. Louis Circuit Court, LUBKE, J. *Affirmed.*

W. B. THOMPSON, for the appellant: The appraisement of homesteads under execution in all collateral proceedings is conclusive. — Thompson on Homesteads, sect. 657; *Hunt* v. *Lauck*, 38 Cal. 372; *Colby* v. *Crocker*, 17 Kan. 527; *Bartholomew* v. *Hook*, 23 Cal. 277; *M'Laughlin* v. *Hart*, 46 Cal. 639; *Brown* v. *Cozard*, 68 Ill. 180; *Barney* v. *Leeds*, 54 N. H. 142, 128; *Casebolt* v. *Donaldson*, 67 Mo. 308. The acts of the sheriff under the execution were without authority of law, and the violation of the statute. — Sects. 2690, 2691, Rev. Stats.; *Deveraux* v. *Fairbank*, 50 Vt. 700; *Lamb* v. *Mason*, 50 Vt. 345; *Skouten* v. *Woods*, 57 Mo. 380. And hence the motion to

quash the execution should have been sustained. — *Bain* v. *Chrisman*, 27 Mo. 293 ; *Parker* v. *Waugh*, 34 Mo. 340 ; *Bruce* v. *Vogel*, 38 Mo. 100 ; *Parker* v. *Railroad Co.*, 44 Mo. 415 ; *Gale, Admr. of Maupin*, v. *Michie*, 47 Mo. 326.

JOHN N. STRAAT, *pro se.*

THOMPSON, J., delivered the opinion of the court.

This appeal is prosecuted from an order of court over-ruling the defendant's motion to quash an execution sued out against the defendant by the plaintiff and levied upon real estate of the defendant. The grounds of the motion are an alleged erroneous and void appraisement under the statute relating to homesteads. It is claimed that the defendant claimed a homestead in the land levied upon; that appraisers were appointed by the sheriff who made an erroneous valuation, leaving out of consideration two mortgages, and found that the improvements and ground were worth more than the amount allowed as the homestead by the statute, and that the building was not susceptible of the division. The sheriff, on the making of this appraisement, suspended action under the levy, and, on the 15th of September, 1883, before the return of the execution, the plaintiff filed a petition under section 2698 of the Revised Statutes praying for an order of sale of the premises and for an apportionment of the proceeds of such sale between the parties entitled to the same. On the 1st of October, 1883, the sheriff returned the execution, together with the report of the appraisers as follows : " I did not advertise and sell the real estate levied on under this execution before the return day thereof, for the reason that George Rinkle, junior, the defendant therein, claimed a homestead in the premises as No. 1 herein of said levy as above described in the return on said execution, which claim of said defendant necessitated the appointment of commissioners to appraise and set out such homestead ; that such commissioners were duly appointed and duly qualified and made report that the

premises in which said defendant claimed a homestead were not susceptible of the division, for which reason they could not set out such homestead. The action required to be taken by either party under section 2698, chapter 9, of ' Homesteads,' Revised Statutes 1879, in cases where homesteads are claimed, and commissioners report the premises not susceptible of division has not been reported to me up to this date, October 1st, 1883, for which reason I retain this execution." On the 11th of October, 1883, the plaintiff filed an amended petition under section 2698 of the Revised Statutes praying for the same relief as in his original petition. On the 15th of November, 1883, the defendant filed an elaborate answer to this amended petition, and thereafter, on the 16th of November, the plaintiff by a reply, traversed the new matter in the amended answer. We do not gather from the record the date at which the motion to quash this levy and appraisement was filed, except that it was at the October term, 1883, and was therefore subsequent to the date of the sheriff's return above quoted from, which was made on the 1st of October. This motion to quash came on to be heard on the 19th of November, 1883, which, it will be perceived, was after the issues in the proceeding under section 2698, Revised Statutes, had been made up.

The court overruled the motion, for the reason as given by the court, that the appraisement was not conclusive upon the defendant, and that he was entitled to show the same facts in the proceeding under section 2698, Revised Statutes. The defendant took a bill of exceptions and appealed. We see no error here whatever. Assuming here that the appraisement is erroneous, it does not appear that the sheriff is proceeding under it ; and why a levy should be quashed, and the plaintiff lose the advantages which it gives him because the appraisers appointed under the homestead law may have acted erroneously, does not appear. The sheriff has suspended proceedings under the

levy and appraisement, awaiting the action of the court in the proceeding under section 2698, Revised Statutes. This proceeding substantially takes the whole matter out of the hands of the sheriff and places it in the hands of the court, and the court has full power, under the statute, to deal with it in such a manner as shall preserve the rights of the respective parties, and be equitable and needful. It is clear that no error has been committed to the prejudice of the appellant, and the order of the court refusing to quash the levy and appraisement will be affirmed. All the judges concur.