## JAMES FENWICK, Defendant in Error, v. A. C. WHEATLEY, Plaintiff in Error.

### St. Louis Court of Appeals, December, 21, 1886.

1. HOMESTEAD—EQUITY—STATUTORY PROVISIONS.—The pleadings and the evidence must bring the case within the provisions of section 2698, Revised Statutes, before the court can make an order in equity under the provisions of the homestead act.

2. ——— ESTOPPEL—EXECUTION SALES.—In the absence of fraud or mistake which would entitle an execution creditor, participating in the proceeds of a sale under execution, to equitable relief, he is estopped to deny the validity of the sale on the ground that the homestead of the execution defendant was set apart on an erroneous valuation.

ERROR to the Lincoln County Circuit Court, ELIJAH ROBINSON, Judge.

*Reversed and dismissed.*

CHAS. MARTIN and DYER, LEE & ELLIS, for the plaintiff in error: The commissioner's appraisement is conclusive after the lapse of the term of court, and can not be set aside except for fraud or mistake. Thompson on Homesteads, sects. 667-8 ; *Barney v. Leeds*, 54 N. H. 128 ; Freeman on Judgments, sect. 531. The plaintiff by participating in the sale, receiving a part of the

sale, etc., is estopped from questioning the validity of the homestead proceedings. *Austin v. Loring*, 63 Mo. 19 ; *Slogel v. Murdock*, 65 Mo. 522.

R. H. NORTON and S. HERMANN, for the defendant in error : In a proceeding of the character of the one at bar, the action of the appraisers is not conclusive upon either party. *Schoeffer v. Beldsmeier*, 9 Mo. App. 438 ; *Straat v. Rinkle*, 16 Mo. App. 115. Where a judgment is a lien on the real estate of the debtor, the judgment will also be a lien on the proceeds of the sale of that land made by a sheriff ; and especially is this the case when an execution upon said judgment has been levied upon that land. *Pocoke v. Pocoke*, 2 Mo. App. 119 ; *Warner v. Veitch*, 2 Mo. App. 462 ; *Ex parte Pearle & Lewis*, 13 Mo. 468 ; *The State v. Taylor*, 56 Mo. 492.

ROMBAUER, J., delivered the opinion of the court.

The petition states in substance that the plaintiff obtained a judgment against the defendant for $2001.36 and caused an execution to be issued thereon, which, together with a prior execution in favor of one Sands against the defendant, was levied upon the defendant's lands. That the defendant claiming a homestead exemption in the lands thus levied on, the sheriff appointed appraisers who set apart one hundred and thirty acres, as a homestead to the defendant, valuing such land at fifteen hundred dollars, whereupon the plaintiff directed the sheriff not to proceed any further with the execution, but to return it, which the sheriff did. That the whole one hundred and thirty acres was worth $3,250, and are used as an entire farm, and a severance of any part thereof would greatly depreciate the value of the rest.

The plaintiff prays judgment, setting aside the appraisement, decreeing the sale of the premises, and

apportioning the proceeds between the plaintiff and the defendant in proportion to their respective rights.

A demurrer interposed by the defendant to this petition being overruled, he filed his answer, setting up among other the following facts, which the proof fully sustains, namely: That the plaintiff's execution, together with the Sands execution, was levied on all the lands of the defendant. That, after the homestead was set apart to the defendant by the appraisers, the residue of the land was sold under the Sands execution, and the proceeds of the sale paid to Sands and the plaintiff, and credited on their respective executions. That the plaintiff made no other objection either to the sale, or to the setting apart of the one hundred and thirty acres as the defendant's homestead, than telling the sheriff not to proceed further with his execution after the homestead was set apart. That the first exception that the plaintiff took to the report of the appraisers was when, at a subsequent term of the court, he filed the present petition.

It is obvious that, under these pleadings and proof the court was not authorized to vacate the appraisement made, and to appoint new appraisers, and that its doing so was manifest error. The petition seeks to state a case within the provisions of section 2698, Revised Statutes, and the pleader evidently attempted to bring himself within the rule established by this court in *Schaeffer v. Beldsmeier* (9 Mo. App. 439, 442), but has failed to do so. It was held in that case that if facts stated in section 2698, are claimed to exist and do exist, the plaintiff may, either by motion in the original proceedings, or by petition as a substitute for such motion, ask the court to carry out the provisions of said section, and that the court may, under the last clause of that section, make such orders in the premises as shall be equitable and needful, and thus carry into effect the equity of the statute.

But the facts in the present case are widely different. The proof fails to show a case falling within the provisions of section 2698, nor does the petition contemplate a setting apart of the defendant's homestead in the original proceeding. The homestead right of the defendant, as far as the plaintiff is concerned, was finally determined in the original proceedings, when his homestead was set apart without any objection on the plaintiff's part as far as the record shows, and the residue of the lands was sold in that proceeding for the benefit of the plaintiff, and another execution creditor. It is immaterial that the sale was not made on the plaintiff's execution; he received the benefit of it, and is not in a position to question its validity. To that extent at least, the case of *Austin v. Loring* (63 Mo. 19, 22), is directly in point.

The plaintiff's petition is not in the nature of a bill to vacate the proceedings for fraud. No fraud is alleged, and the proof is clear that the first appraisers acted in good faith, and according to their best judgment. In fact if we had power so to do, and were to determine the question anew upon the proof preserved in the record, we could find no just ground on which to vacate the original appraisement.

All the judges concurring the judgment is reversed and the petition dismissed.