## ROBERT McMICHAELS, Appellant, v. EMMA J. REECE, Respondent.

### Kansas City Court of Appeals, November 27, 1916.

1. **HOMESTEAD: Execution: Widow: Deed of Trust: Sale.**  A husband joined by his wife, to secure a note, gave a deed of trust on his land which was exempt under the homestead statute from execution.  He and she also jointly owed another note.  He died leaving the wife as his widow and several minor children.  The creditor on the latter note obtained judgment thereon against the widow.  Afterwards the deed of trust was foreclosed by a sale at which the widow bought it and received and recorded a trustee's deed to the land.  The judgment creditor then had an execution issued against her and directed the sheriff to levy on the homestead thus conveyed by the deed of trust.  The sheriff made return that he did not levy but set off the land to the widow and children as their homestead.  The plaintiff in the execution moved to quash the return which the court overruled.  It was *held* not to be error.

2. **Tenant In Common: Deed of Trust: Purchase.**  One tenant in common may buy the whole title for himself free from claim of others at a sale under a deed of trust, which was fairly and properly made and not suggested by him.

3. **————: Purchase by One: Guardian: Trustees.**  Where a widow and minor children are tenants in common of a homestead, and a sale of such homestead is made under a deed of trust given by the father in his lifetime, the widow will be looked upon as a guardian and trustee for the children and at a sale under the deed of trust she cannot buy the whole title for herself and deprive the children of their homestead.  And she will hold the land as trustee for the children.

4. **HOMESTEAD: Trustee's Sale: Purchase by Widow.**  Where a widow and minor children take a homestead in her deceased

husband's land and then, afterwards, she purchases such land at a sale under a deed of trust given by the husband, her purchase will be held to be in protection of the homestead for herself and children, and is no more than a payment of the debt secured by the deed of trust. She has not, by such purchase, acquired an estate subsequent to a prior indebtedness which may be taken in execution for such indebtedness.

5. ————: **Estate in Fee: Executions.** The estate in fee of land occupied by the widow and children as a homestead cannot be taken in execution and sold, or subject the homestead, as long as the homestead right exists in any one of those entitled to it. The homestead estate is an entirety and as each claimant may become disentitled to it, those remaining take all of it.

Appeal from Nodaway Circuit Court.—*Hon. Arch B. Davis,* Special Judge.

AFFIRMED.

*Ira K. Alderman* and *Wright & Ford* for appellant.

*O. S. Fuqua* for respondent.

ELLISON, P. J.—This litigation arises on a motion to quash a sheriff's return of an execution, which disclosed that the sheriff instead of levying the writ, set off real estate to the debtor as her homestead. Plaintiff in the execution, claiming that the property was not exempt, filed his motion to quash the return and the court overruled it. He then appealed to this court for relief.

A. A. Reece and this defendant Emma J. Reece were husband and wife with several minor children. He owned and resided on the real estate in controversy which is not more than the statutory homestead exemption. He and his wife joined in the execution of a note and a deed of trust on this property to secure it. They afterwards jointly executed another note, not secured, on which the holder obtained judgment. Then A. A. Reece died, leaving this defendant as his widow and the minor children.

Afterwards the deed of trust was foreclosed by the holder and defendant Emma bought the land at the sale. She then recorded her trustee's deed. After she recorded

it the judgment creditor had the execution in controversy issued and placed in the hands of the sheriff and he, ·as we have said, set off the property to her as the homestead of herself and minor children.

Under the provisions of our homestead statute (Sec. 6711, R. S. 1909) a homestead cannot be claimed in real estate against a debt antedating the record of the deed to the land.

Plaintiff in the judgment concluded that as his claim was older than defendant's trustee's deed, she was not entitled to a homestead as against his debt. He undertakes to justify this conclusion upon the idea that while defendant, as Reece's widow, could have claimed a homestead, against plaintiff, for herself and minor children, she abandoned that right by becoming the purchaser of the land at the trustee's sale. That she thereby became the owner as any stranger would and recorded her deed; hence, as such deed was subsequent to plaintiff's debt, she could not claim a homestead.

In endeavoring to forestall the thought that defendant, as cotenant with the minor children, could not set herself up adversely against them, plaintiff claims that, in the absence of fraud, one cotenant has a right to buy the entire title and thus oust his cotenants. He cites Becker v. Becker, 254 Mo. 668, in support of this. In that case it was decided that where there is a note secured by deed of trust on land owned by tenants in common, and without suggestion from any cotenant, the holder of the note forecloses the deed of trust, one of the cotenants may purchase, at a fair sale, the whole title just as a stranger would. In that case the court recognizes the rule that there is a confidential relation existing between tenants in common, and that if one buys an outstanding title or discharges an incumbrance, it is for the benefit of all if they will contribute to him. But the court likens the case to that of sales by court process such as in partition where the whole public is invited to bid, each cotenant having an equal right with any other person. In support of that case Judge WALKER cites Starkweather v. Jenner, 216 U. S. 524, from which we quote the following: "But it is plain that the principle

which turns a cotenant into a trustee who buys for himself a hostile outstanding title, can have no proper application to a public sale of the common property, either under legal process or a power in a trust deed. In such a situation, the sale not being in any wise the result of collusion nor subject to the control of such a bidder, he is as free, all deceit and fraud out of the way, as any one of the general public. Even a trustee has been held competent to purchase the trust property at a judicial sale, which he has no interest in, nor any part in bringing about, and which sale he in no way controls. [Twin Lick Oil Co. v. Marbury, 91 U. S. 587; Allen v. Gillette, 127 U. S. 589.]''

But, in fundamental particulars, this case is not like either of those. Here the cotenants of defendant are her minor children of whom she is guardian. They are helpless and must naturally look to her for protection and we regard her as wholly disabled from buying the land solely for herself and setting up against them an antagonistic title. It would violate the trust imposed upon her in relation to her children. This being true, it manifestly follows that plaintiff's execution against defendant could not affect the right of the children to the homestead.

But the more difficult question remains, viz: Has defendant a right to claim a homestead? or, put another way, has plaintiff a right to sell her interest in the land free of any claim of homestead by her? It is conceded, of course, that she had a homestead, unless it was divested by her purchase under the deed of trust sale, whereby, as plaintiff claims, she became owner of an estate in fee, instead of a homestead life estate.

On this branch of the case we have not been cited to any applicable authority. It would seem that when defendant bought at the trustee's sale, she only protected her own homestead estate, for she could not buy the interest of her children, as against them, since, as we have seen, it was her duty to protect them. She holds the property in trust for them to enjoy until the expiration of their homestead, when they become of age, and the fee simple title thereafter. In other words, they, on

becoming of age, can pay back to her their proper proportions of the purchase money which she paid out and obtain from her a deed to their respective fee simple interests, subject to her homestead right.

Furthermore as long as a homestead right exists the land is not subject to execution and such writ cannot, during that time, be levied upon it for the purpose of selling the interest in fee, subject to the homestead estate. [Armor v. Lewis, 252 Mo. 568, 583; Moore v. Wilkerson, 169 Mo. 334, 337, and cases cited.]

The spirit of the statute, as expounded by decisions, is that the homestead may be likened to an entirety. As each (the widow or children) become individually disentitled to it, those remaining take all of it.

Plaintiff therefore should not have precipitated this contest by refusing to concede defendant's right to a homestead and the court was right in refusing to adopt his view that no homestead right existed.

The judgment is affirmed. All concur.