D. C. HAMMONS, Executor of Estate of OSCAR HAM-
MONS et al., v. MARY M. HAMMONS et al., Ap-
pellants.

### Division One, July 31, 1923.

1. **PARTITION: Homestead.** The homestead of the widow cannot
be sold in a partition proceeding. Nor can she be compelled to
buy the interest of the remaindermen as the condition of her con-
tinued occupancy and enjoyment of the homestead. Nor can the
homestead property be sold and the value of her homestead estate
be paid into court for her use. Her homestead of a value des-
ignated by the statute may be set off to her by commissioners ap-
pointed by the court, and the balance of the property not embraced
within her homestead as so set off to her may be sold in a parti-
tion; but the homestead itself cannot be sold while she remains
a widow or the homesteader's children remain minors.

2. ———: ———: **Sale: Paying Proceeds to Widow: Sections 5863
and 5864.** Sections 5863 and 5864, Revised Statutes 1919, provid-
ing that when the land exceeds the value of a homestead and a
severance of the homestead would greatly depreciate the value of
the residue or be of great inconvenience to the parties interested
therein, the court may order the homestead transferred to such
other parties upon the payment of the value of the homestead, or
order a sale of the premises and apportion the proceeds, etc., was
a part of the original Homestead Act (Secs. 10, 11, Chap. 111,
R. S. 1865), and originally referred to a fee simple estate in the
widow, and for that reason its present application in any case is
doubtful; but it certainly has no application to a partition suit,
and in view of the Married Woman's acts has been rendered prac-
tically futile. Under those statutes the court has no power in a
partition suit to order the widow's homestead to be sold and
its value paid to her in money, or into court for her use under
the direction of the court. Homesteads are favorites of the law-
makers and courts, and those statutes do not warrant the court in
destroying the homestead as a shelter for the widow and minor
children.

3. **PLEADING: Reply.** A new cause of action cannot first be raised
by way of reply.

Appeal from Benton Circuit Court.—*Hon. C. A. Calvird,*
Judge.

Hammons v. Hammons.

REVERSED AND REMANDED.

*Henry P. Lay* for appellant.

(1) Homestead laws are liberally construed; their evident purpose of preserving a home should not be dwarfed or thwarted by a narrow and illiberal construction. Blandy v. Asher, 72 Mo. 28; Brewington v. Brewington, 211 Mo. 60; Balance v. Gordon, 247 Mo. 119; Dalton v. Simpson, 270 Mo. 287. (2) The case at bar being a suit for partition, the power of the trial court over the homestead was limited to the appointment of commissioners to set it off. Sec. 5862, R. S. 1919; Dalton v. Simpson, 270 Mo. 287. (3) A sale of the homestead under the provisions of Section 5863, Revised Statutes 1919, can only be ordered "in a proceeding by petition for such relief 'setting forth the facts,' and cannot be made a device by which the plaintiff in a partition suit may swallow up the homestead as is attempted in this case." Dalton v. Simpson, 270 Mo. 287. (4) Even had this been a direct proceeding by petition under Section 5863, the facts do not justify the making of an order of sale under that section. Schaeffer v. Beldsmeier, 9 Mo. App. 444; Dalton v. Simpson, 270 Mo. 287. (5) Even though the provisions of Sections 5863 and 5864 could be invoked in a partition suit, still the decree of the court was grossly erroneous. First, if she elected to accept the sum at which the value of her homestead interest was fixed, she was required to convey without any provision being made for her dower. Second, the sum she was required to pay in order to receive a deed to the residue was not fixed at a sum certain, but was left in uncertainty. Third, by the last paragraph of the judgment, she could not elect to receive the value fixed for her homestead interest absolutely as provided by Section 5863, but such sum was retained under the control of the court.

300 Mo.—10

*W. S. Jackson* for respondents.

(1) Under Section 1995, Revised Statutes 1919, the court is authorized to direct a sale where a division in kind is impracticable, and cannot be made without great prejudice to the parties in interest. (2) Under Sections 5863 and 5864, a trial court in dealing with homesteads is expressly authorized to direct a sale, if the same cannot be set out in kind without depreciation of the value of the residue. (3) This being an interlocutory decree in partition, it is one of those cases where this court from the pleadings and evidence before it is authorized to finally decide what decree should be rendered in the premises, and if in the judgment of this court the action of the trial court is to be approved that such a finding can be made. Davidson v. Real Estate & Inv. Co., 249 Mo. 508. (4) By Sections 5863 and 5864, the court is especially authorized to render the decree complained of and to hold the proceeds of the sale of the homestead for the benefit of the widow, or to direct that they be re-invested in another homestead.

GRAVES, P. J.—Action in partition. The plaintiff and defendants are the heirs at law of John C. Hammons, deceased, or their legal representatives, save and except defendant Mary M. Hammons, who is the widow, and the Denton-Coleman Loan & Title Company, which is a lien holder. John C. Hammons died testate in Benton County, Missouri, in January, 1920, seized of the one hundred and sixty acres of land in controversy in this action. The will simply provided that his estate go according to law. The land consisted of four forty-acre tracts in a string. This was the homestead of Hammons and his wife. The tract of land is therefore one-fourth of a mile wide by one mile in length, running east and west. Near the center ran a public road (north and south), thus leaving a part of the land to the west and the other portion to the east of the public road. The petition closed with this prayer:

"Wherefore, the plaintiffs pray the court to ascertain and determine the estate, title and interest of the parties, respectively, in such real estate, and to define and determine by its judgment and decree the title, estate and interest severally in and to such real property, the same as the court might or could do in any other or different action; and that the homestead and dower of the defendant, Mary M. Hammons, be set off and assigned to her and the remainder of said real estate partitioned among the parties as their interests may appear, if the same can be done without great prejudice to the parties, and if not that said real estate be ordered sold and the proceeds divided among the parties in interest, after paying said deeds of trust, and commuting into cash the interest of the said Mary M. Hammons, widow, and for all proper relief in the premises."

Defendant Mary M. Hammons filed the following answer:

"Now comes Mary M. Hammons, one of the defendants in the above entitled cause, and for her separate answer to the petition admits the truth of the facts stated therein, except that this defendant cannot with certainty ascertain at this time that there will be sufficient personal property belonging to the estate of John C. Hammons to pay all his debts and the expenses of administration.

"Wherefore this defendant prays that her dower and homestead be set off and assigned to her free and clear of all debts and incumbrances, and for such other relief as may be proper."

To this answer plaintiffs first replied thus:

"Come now the plaintiffs in the above entitled cause and for their reply to the answer herein of defendant Mary M. Hammons say that they admit the statement therein contained that she is entitled to both homestead and dower in the lands described in the petition.

"But the plaintiffs say that her homestead and dower cannot be set off in kind and occupied in severalty

without great prejudice and inconvenience and damage to the other parties hereto, for the reason that there are the shares of eleven children to be apportioned out of said estate, subject to said dower and homestead, and that the only practicable course to pursue would be to order the premises sold, and the widow's interest to be ascertained and paid over out of the proceeds of sale.

"Wherefore, by reason of the premises, the plaintiffs pray that, as partition in kind cannot be made without great prejudice to the interested parties, that the court may order the sheriff to sell the lands described in the petition and divide the proceeds according to law."

Upon a trial an interlocutory decree was entered upon the foregoing pleadings, which, after finding facts, concluded in this language:

"The court further finds the total value of said land to be far in excess of the dower and homestead rights of said widow, and that said homestead cannot be occupied severally without great inconvenience to the other parties hereto interested in the residue, and that a severance of such homestead would greatly depreciate the total value of said premises. The court further finds that there are sufficient assets in personal estate to pay all debts lawfully chargeable against the 'same' or if there should be a slight deficiency in this connection the court finds that upon final distribution of the 'proceeds of the sale of said premises a sufficient sum may be deducted to satisfy any unpaid debts.

"It is therefore ordered, adjudged and decreed by the court that said premises hereinabove described be sold according to law by 'the Sheriff of Benton County, Missouri, for cash in hand, and that out of the proceeds thereof the deeds of trust on said premises to the Denton-Coleman Loan & Title Company be paid and satisfied, and that out of the residue of said proceeds the widow's rights therein be satisfied, and that the balance of said proceeds be apportioned among the other parties according to their prospective interests."

Mary M. Hammons filed motion for new trial, and pending this the court made the following order:

"Now at this time the court of his own motion reopens the above entitled cause and sets aside all orders and entries heretofore made concerning an appeal on and after January 4, 1921, and said cause is by the court continued until the March, 1921, term of this court."

Thereafter plaintiffs filed the following amended reply:

"Come now the plaintiffs in the above entitled cause and for their ammended reply to the answer herein filed of defendant Mary M. Hammons, say that they admit the statement therein contained that she is entitled to both homestead and dower in the land described in the petition.

"But plaintiffs say that her homestead and dower cannot be set off in kind and occupied in severalty without great prejudice, inconvenience and damage to the other parties hereto, for the reason that there are the shares of eleven children to be apportioned out of said estate, subject to said dower and homestead, and that the only practicable course to pursue is to order the premises sold, under the provisions of Sections 5863 and 5864 of the Revised Statutes of 1919 of the State of Missouri, and the window's interest to be ascertained and paid over to her out of the proceeds of such sale; provided, that this court by its order and judgment herein shall first give the widow her option to pay to the other parties herein the value of the remainder of the premises, the same to be ascertained by the court, or in the event that she does not choose to do so, that the court may order such homestead to be transferred to the other parties herein, and the payment of the value of such homestead interest to the said Mary M. Hammons, the proceeds of such homestead if paid to said widow to be under the control of this court, as provided by Section 5864, supra.

"The plaintiffs further state that there are no minor children of the said John C. Hammons now living.

"Wherefore, by reason of the premises, the plaintiffs pray that, as partition in kind cannot be made without great prejudice to the interested parties, the court order the sheriff to sell the land described in the petition, and divide the proceeds according to law, in the event that the said Mary M. Hammons, the widow, and the other parties in interest fail or refuse to buy or sell their respective interests to each other as provided by the statutes above quoted, and for all proper relief."

Later the court entered an amended interlocutory judgment and order of sale, adopting its previous finding of facts, and this last judgment is the one in issue upon this appeal of Mary M. Hammons. This judgment is short and reads:

"The death of Oscar Hammons, one of the above named plaintiffs, having been suggested to the court, his executor D. C. Hammons is hereby substituted as a party plaintiff and enters his appearance in said cause.

"And now at this time come the plaintiffs herein and the defendants Mary M. Hammons, Charles G. Harvey and C. C. Barrett, guardian *ad litem* for Morgan N. Harvey, a minor, and the court having considered the pleadings and additional evidence adduced makes the following additional finding in said cause, to-wit: the court finds that the premises described in plaintiffs' petition are of the value of $8000, subject to a deed of trust for the principal sum of $1000 and all accrued interest and commission thereon. And further finds that the widow's homestead interest in said premises is of the value of $1500. The court further finds that the facts heretofore made in this cause on the 17th day of December, 1920, at the regular December term of this court are true. The court therefore finds that the value of said premises are far in excess of the homestead and dower interest of the defendant Mary M. Hammons and that said homestead cannot be occupied in severalty with [out] greatly depreciating the value of said premises and without great inconvenience to the parties interested, both in said residue and in said homestead.

"It is therefore ordered, adjudged and decreed by the court that the other parties in interest, except the Denton-Coleman Loan & Title Company, pay to the defendant Mary M. Hammons on or before May 4, 1921, $1500, the value of the homestead interest, and if she accepts said sum she is hereby directed to transfer said homestead interest to such other parties, or if the said Mary M. Hammons shall elect she may pay to the owners of the residue in said premises the value thereof, less the value of said homestead interest and less the incumbrance now legally charged thereon, and less any dower rights she may have in excess of said homestead, the total value whereof has been fixed, including said exceptions, at the sum of $8000. And if the said Mary M. Hammons shall so tender to the other parties in interest the sum so found by the court to be the value of their interests then they are hereby directed to convey to the said Mary M. Hammons all their rights, title and interest in said residue, provided said payment be made by her on or before May 4, 1921.

"But in the event that the parties cannot or do not deal with each other as above indicated within the time indicated then the Sheriff of Benton County is hereby directed to sell said premises according to law for cash in hand and out of the proceeds thereof to pay the Denton-Coleman Loan & Title Company any sums that may be due, and that out of the residue of said proceeds the widow's right therein be satisfied and that the balance of said proceeds be apportioned among the other parties in interest, and according to the further order of the court on its order for final distribution herein. It is further adjudged that the fifteen hundred dollars' valuation placed upon the widow's homestead rights herein is, if paid to her by the other party, to remain and be under the control of the court, pending the period of such homestead right and as provided in the statute in such cases made and provided."

It will be noted that Sections 5863 and 5864, Revised Statutes 1919, were first pleaded in the amended reply.

The whole contest ranges around the rights of the widow, under the law and facts. Details are left to the opinion, in so far as further details may be necessary.

I.   It will be observed that the foregoing record will give rise to several questions, some of which we shall note. They are (1) the question as to whether or not the sections pleaded in the reply are applicable to this case, (2) if applicable whether or not the trial court erred in requiring the widow to take a deed from a minor, in the option given her to purchase the estate less her interest, (3) whether the court had power to impound the $1500 homestead value, and (4) whether or not (conceding the applicability of these statutes to a partition suit) the facts shown were such as to bring the case within the statutes. Such of these as shall be necessary for a disposition of this appeal will receive attention.

II.   If the judgment is correct in this case, then any widow can be turned loose upon the tender mercies of the world without a roof over her head, and with the small pittance of the interest upon $1500, which at six per cent would mean $7.50 per month. The house, with all of its tender memories, is taken. The little garden, and what it means to a struggling woman, is taken. In fact all those things which go to make a home for the disconsolate wife (during her widowhood) is swept with one fell swoop, expressed in this judgment. In lieu of it all is $1500 under the control of the court. Do our homestead laws mean this? If they do they should now be explicitly amended so as to allow each widow (during widowhood) the pittance of $7.50 per month. And if some kind of table, in addition to the mortality tables, could be devised to determine the widowhood expectancy of a widow, such should be placed in the statute. Without further amendment of the statutes, we do not think that the widow can be thus stranded.

*Effect of Judgment*

III.   The homestead (and it stands conceded that appellant had a homestead in this land) has always been of tender concern in this court.   When grasping creditors sought to fasten their fangs upon it, for debts created after its acquisition and the record of the deed, we have said, no.   When a probate court undertook to sell the land covered by the homestead, subject to the homestead rights, for the payment of the debts of the estate, we have said, no.   We have opposed the idea of driving widows to the plane of tenants.   In the United States Senate, Mr. Benton, one of the great statesmen of Missouri, once said: "Tenantry is unfavorable to freedom.   It lays the foundation for separate orders in society, annihilates the love of country, and weakens the spirit of independence.   The tenant has in fact no country, no hearth, no domestic alter, no household god.   The freeholder, on the contrary, is the natural supporter of a free government: and it should be the policy of republics to multiply their freeholders, as it is the policy of monarchies lto multiply their tenants."   [Gowdy v. Johnson, 104 Ky. 648.]

*Sale of Homestead: Under Section 5863.*

This spirit was the foundation of homestead acts. By these laws, the states have said financial misfortunes may overtake the heads of families, but you can't cast either them or their widows adrift to become mere tenants.   lA place of shelter must be preserved for the debtor, his widow, and his minor children.   To them all, a freehold is guaranteed, unless the learned trial judge is right in this case.   If he be right the shelter left by the husband, and suggested by the law, is swept from over her head, and some kind of a tenure in $1500 is given in its place.   Sections 5863 and 5864, Revised Statutes 1919, relied upon by respondents, were a part of the original Homestead lAct.   [Sections 10 and 11, Chap. 111, R. S. 1865, p. 451.]   These sections have remained the same, although others were changed.   Upon this situation, LAMM, J., in Brewington v. Brewington, 211 Mo. 1. c.

63, had some comments. Originally these sections referred to a fee-simple estate in the widow. [Brewington v. Brewington, supra.] With a fee the widow has something of substance for sale, and some reason to either sell her interest to the heirs, or purchase their interests from them. The subsequent amendments have so changed original Section 5 of the Homestead Act, that the widow only holds the homestead during life or widowhood. LAMM, J., ruled that these statutes did not apply to the case before him, but said that they "may have some bearing" in a proper case. His was a partition suit, but the widow had died, and the homestead had been set off to the widow and children some years prior. As set off it consisted of 160 acres of land. Land had advanced and this homestead tract was worth $2500 to $3000. The circuit court refused to partition the homestead. We ruled:

"That a homestead, *as such*, is not subject to partition results from the inherent character of the estate and the purpose it subserves under the policy of our laws. [Rhorer v. Brockhage, 86 Mo. 544; Simpson v. Scroggins, 182 Mo. l. c. 571; id., p. 574; Quail v. Lomas, 200 Mo. l. c. 687.]

"The homestead having been once duly valued and admeasured by proceedings in a court of competent jurisdiction, is not subject to a new adjustment under the pleadings and proof in the case at bar, nor is it subject to partition during the minority of any of W. P. Brewington's children. Therefore, the judgment must be affirmed. It is so ordered."

If it could not be partitioned during the minority of the minors, it could not be partitioned during the life of the widow, or by more recent law, during her widowhood. The reasons which would preclude the partition in the one case, would likewise preclude it in the other. Nor can it be said that the mere fact that the homestead had been previously admeasured and set off made the case different from the one at bar. This because, under

Section 5862, Revised Statutes 1919 (formerly Sec. 6713, R. S. 1909), it is made the duty of the court upon finding an outstanding homestead "in any case not in this chapter otherwise provided for" to appoint commissioners to appraise and set out such homestead. [Growney v. O'Donnell, 272 Mo. l. c. 186.]

This statute we ruled applied to equity cases as well as all others. It certainly applies to partition suits. In fact in Simpson v. Scroggins, 182 Mo. l. c. 571, Fox, J., (speaking of a partition suit), said: "In this character of proceeding, that was the only power the court was authorized to exercise."

So too, in Dalton v. Simpson, 270 Mo. l. c. 302, speaking of these two statutes, this court said: "This must be done in a proceeding by petition for such relief, 'setting forth the facts,' and cannot be made a device by which the plaintiff in a partition suit may swallow the homestead as is attempted in this case."

What we said must be done in a separate proceeding (if done at all) the instant case undertakes to do through an amended reply. A new cause of action can not be first raised by way of reply. This is hornbook law.

We want to further suggest that this last section (Sec. 5864, R. S. 1919, first enacted in 1865, as stated, supra) has been rendered practically futile by the later Married Woman's Acts. The section reads:

"If such homestead shall be sold as provided in the preceding section, the court may control the investment of the proceeds of such sale in a new homestead, or their payment out of court, as in cases of the funds of married women."

Note the language, "as in cases of the funds of married women." This statute has been overshadowed by later acts. Married women have no funds now to be treated other than are funds belonging to any other citizen. The lawmakers have been persistent in the liberation of the property of married women, especially

their "funds." With their funds they stand upon the same plane as men—as a *feme sole*.

Conceding, as we may for the purpose of this case, that there is life left in both of these two sections, of the old Homestead Act, yet they are not applicable to this, a partition proceeding. With this view, it is not necessary to determine whether or not the evidence offered to sustain the reply measures up to what would be required had this been an original proceeding under Section 5863, Revised Statutes 1919. Nor need we determine whether or not there is now life and force left in Section 5863, supra. Other questions become immaterial.

It follows that the judgment is reversed and cause remanded with directions to the trial court to so modify its interlocutory decree so as to exempt the homestead and dower from partition, and to appoint commissioners set off the homestead, and confine its order of sale to the property left after the homestead has been set apart for the widow. It is so ordered. All concur.