G. W. DANIELS, RESPONDENT, v. J. W. PECK AND ANNIE PECK, APPELLANTS.*

Kansas City Court of Appeals. November 8, 1926.

878

*Corpus Juris-Cyc References: Homesteads, 29CJ, p. 826, n. 67; p. 827, n. 70; p. 873, n. 31.

*John A. Gerlash* for respondent.

*J. W. Peck* for appellants.

BLAND, J.—This is a proceeding under Chapter 44, Revised Statutes 1919, section 5863, concerning homesteads and is to subject the excess in defendant's homestead to the payment of a judgment obtained by plaintiff against the defendants. The court after making the proper finding of facts ordered the property sold, decreed that of the proceeds therefrom $1500 be first paid to the defendants; that next plaintiff's judgment and costs be paid, and that the balance of the proceeds that might be left be paid to the defendants. Defendants have appealed.

The facts show that on August 21, 1925, plaintiff obtained a judgment against the defendants, who are husband and wife, in the sum of $1856.56; that on September 9, 1925, a general execution was issued upon the judgment and the sheriff levied upon the house and lots owned and occupied as a home by the defendants in the town of Westboro, a village of 450 inhabitants. Under the homestead act defendants were entitled to a homestead of the value of $1500. After proceedings were had by the sheriff as required by law, appraisers were appointed and they found that the property levied upon was of the value of $3550; that the lots were used in connection with the residence and outbuildings located thereon; that "a severance of the homestead would greatly depreciate the value of the residue of the premises and would be of great inconvenience to the parties interested either in such residue or in such homestead;" and that the homestead could not be occupied in severalty without great inconvenience to such parties. The sheriff did not sell the property but reported the

facts in his return. Thereupon plaintiff filed in the circuit court his application to sell the real estate herein involved in accordance with section 5863, Revised Statutes 1919, setting up the facts.

It is stipulated between the parties that the record establishes the truth of all the facts heretofore set out and—

" . . . that the defendants at the time of the filing of said application or motion had no property other than the property hereinbefore described upon which said execution might be levied and that the evidence showed that each and every step required to be taken under chapter forty-four of the Revised Statutes of the State of Missouri, 1919, and each and every section thereof in an effort to procure an order of sale of said homestead of the defendant, J. W. Peck, have been regularly and fully taken and that the proceedings herein are in all things regular and in accordance with the law in such cases made and provided."

The sole question presented in this appeal is whether section 5863, Revised Statutes 1919, applies to a case of this kind, it being substantially conceded by the defendants that if it does, then the judgment of the court was right.

Defendants contend that this section of the statute has application only where "several parties have a vested interest in lands" and the homestead of the widow therein cannot be severed and set out without great prejudice and loss to all concerned; that by reason of the provisions of the Homestead Act, section 5853, Revised Statutes 1919, "The head of a family is guaranteed a homestead which shall consist of land and section 5854 provides such homestead shall be set out in land which such head of a family shall own;" that—

"No court has any authority to order the sale of lands including a homestead and requiring the homestead claimant to accept therefor the sum of $1500 cash instead of the land which the statutes of this State guarantee to him. No surplus above the homestead is available for creditors until the homestead is determined and set off and if this cannot be done the creditors must wait until the homestead right is ended and no longer exists."

We think there is no merit in this contention. It has long been assumed in this State that the excess in a homestead may be subjected to the payment of the debts of the homestead claimant. [Schaeffer v. Beldsmeier, 9 Mo. App. 438; Straat v. Wrinkle, 16 Mo. App. 115; Fenwick v. Wheatley, 23 Mo. App. 641, 643; see, also, Schlup v. Thrasher, 229 S. W. 1094.] A judgment against one occupying lands of quantity and value in excess of his homestead exemption, becomes a lien on the excess from the date of the rendition of the judgment. [Childers v. Pickenpaugh, 219 Mo. 376; White v. Spencer, 217 Mo. 242; Growney v. O'Donnell, 198 S. W. 863, 867.] If defendants' contention were upheld, it would result in many instances in the

holder of the judgment not being able to realize anything thereon during his lifetime, with the burden upon him of keeping the judgment lien alive for his heirs. It would permit the judgment debtor to invest his assets in a home of the value of ten times or more the amount of his homestead exemption and retain and enjoy the benefits of the excess at the expense of his creditors thereafter acquired. In the absence of something in the statute clearly evidencing an intention on the part of the Legislature to permit such an unusual condition to exist, we must rule defendants' contention against them. There is nothing in the Homestead Act indicating any such intention on the part of the Legislature, but, on the contrary, we think that section 5863 was passed to meet a situation of this kind as well as where the homestead estate of the widow and minor children cannot be severed and set out, apart from the interest of other heirs, without great inconvenience and loss. As much was intimated by the Supreme Court in Brewington v. Brewington, 211 Mo. 48, 63, and is established by the authorities. [29 C. J. 888; Thompson on Homesteads and Exceptions, sec. 709; Waples on Homestead and Exception, 224, 406, 730; Schaeffer v. Beldsmeier, supra; Straat v. Wrinkle, supra; Fenwick v. Wheatley, supra.]

We have examined the cases cited by the defendants and find them not in point. The cases of Hammons v. Hammons, 300 Mo. 144, and Dalton v. Simpson, 193 S. W. 546, merely hold that the homestead of a widow cannot be sold in a partition proceeding and while the opinion in the Hammons case discusses the history of sections 5863 and 5864, and states that the various married woman acts have restricted, if not practically repealed, section 5864, it does not hold that section 5863 has been superseded, but it is stated, 1. c. 156, that that question need not be determined in that case. The case of Armor v. Lewis, 252 Mo. 568, 579, holds that the homestead cannot, on an order of the probate court, be sold by an administrator "subject to the homestead rights of the widow and minor children" to pay general debts of the deceased householder created after the homestead was required. Of course, section 5863 has no application to proceedings in the probate court but merely in the circuit court. The case of McMichaels v. Reece, 194 Mo. App. 363, is not in point. It holds that the interest in the fee cannot be sold subject to the homestead. In the case of Reed Bros. v. Nicholson, 189 Mo. 396, 405, the lands involved were such that the homestead could have been set aside to the homesteader in kind. The holding in the case of Macks v. Byrd, 131 Mo. 682, so far as it has any application, has been overruled. [Childers v. Pickenpaugh, supra; White v. Spencer, supra; Growney v. O'Donnell, supra.]

The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.