GERTRUDE W. COLEMAN et al., Appellants, v.
SAMUEL W. COLEMAN et al., Respondents.

**Kansas City Court of Appeals, January 14, 1907.**

1. **HOMESTEAD: Dower: Inheritance: Admeasurement.** Where
   the widow is entitled to homestead and dower in real estate her
   homestead should be set out and then enough added thereto by
   way of dower to make one third of the estate; but where she
   inherits absolutely one half of her husband's estate she should
   have that allotted first and then homestead in the remainder.

2. ————: **Present Value: Computation: Statute: Life Tenancy.**
   The statute of 1903 relating to the computation of the present
   value of life estates does not include a widow's interest in a
   homestead, but comprehends only tenants for life, curtesy and
   dower. A widow is not by homestead an unqualified life tenant.

Appeal from Moniteau Circuit Court.—*Hon. William
H. Martin,* Judge.

REVERSED (*with directions*).

*C. M. Gordon* and *R. M. Embry* for appellant.

(1) Under the decisions in this State, where the
widow renounces the provisions of a will or the provis-
ions of the statute and elects to take dower under the
provisions of section 2939, Revised Statutes 1899, she is
entitled, after the payment of the debts of the estate, to
one-half of the remainder in the first instance and also
entitled to her homestead in the remaining half. It is
apparent from the reading of the above section that this
election gives a widow rights in lieu of her dower, not
in lieu of her homestead rights. R. S. 1899, sec. 2939;
Adams v. Adams, 183 Mo. 396; McFadin v. Board, 188
Mo. 688. (2) The present value of a widow's homestead
should have been computed; her possible marriage is
no bar to this computation any more than is her certain
death. (3) The widow is not asking to sell her home-

stead and give fee simple title, but is asking for the present value of her homestead to be computed according to law, this she is entitled to. Laws 1903, pages 167 and 168. (4) Election dower cannot be swallowed by homestead. McFadin v. Board, 188 Mo. 688.

*Moore & Williams* for respondents.

(1) When plaintiff renounced the will of her late husband her relations to her husband's estate were the same as if he had died intestate. Her right of homestead became a vested right under the provisions of sections 3616 and 3620, Revised Statutes 1899. It was hers to have and to hold during her life or widowhood. (2) Under the provisions of section 3621, Revised Statutes 1899, the homestead is first to be set off and afterwards the dower interest, if any, the dower to be diminished by the value of the homestead. The language of the statute is clear and the Supreme Court has settled the question beyond cavil. Bryan v. Rhoades, 96 Mo. 485; Graves v. Cochran, 68 Mo. 76; Gore v. Riley et al., 161 Mo. 238; Cassity v. Pound, 167 Mo. 605. (3) The dwelling house and town lot of deceased, occupied by him as a homestead, exceeded in value $1,500, and could not be divided, and plaintiff properly applied to the circuit court for an order to sell the premises under the provisions of section 3637, Revised Statutes 1899. Beckner v. McLing, 107 Mo. 290. (4) Since the amendment of the homestead law in 1895, limiting the estate of the widow by death or remarriage, there is no possible way of computing the present value of a widow's homestead interest, since she is liable to remarry at any time, and the practice of trial courts generally, in this State has been to appoint a trustee to take charge of and loan the fund. In no other way could the principal be kept safe that it may pass to the residuary heirs. (5) The husband of the plaintiff having died childless and without lineal descendants, plaintiff elected to take her dow-

er under the provisions of sections 2939 and 2941. "When the widow makes her election it is no more or less than dower." It is her election dower. She takes as a dower, not by descent. Newton v. Newton, 162 Mo. 1. c. 186 and 187; Van Arb v. Thomas, 163 Mo. 42. (6) The contention of respondents and the action of the trial court are clearly supported by the case of Adams v. Adams, 183 Mo. 397.

BROADDUS, P. J.—On March 10, 1904, William H. Coleman of Moniteau county died testate, leaving as his widow, Gertrude W. Coleman, the plaintiff, and no lineal heirs at law. He willed to his wife his homestead in Tipton with all the household and kitchen furniture therein and $8,000 in cash. The widow formally renounced the provisions of the will and elected to take her estate under the provisions of section 2939, Revised Statutes 1899.

After her election, plaintiff instituted a suit in partition making the other legatees of the will parties thereto. There was a judgment and sale of the real estate mentioned which realized, after payment of costs, the sum of $4,128.70. Plaintiff asked the court to make the following order of distribution: "That she be given $2,064.35, one-half the amount of the fund absolutely under said section, and that from the other half the sum of $1,500 be deducted as her homestead estate, and that she be given the present value thereof according to the provisions of the Session Acts of Missouri, 1903, pages 106 and 107."

The court instead of complying with the prayer of plaintiff adjudged that the sum of $1,500 be deducted from the entire amount on hand for distribution and placed in the hands of a trustee to be appointed by the court, the interest to be paid plaintiff during her life or widowhood, and upon her marriage or death to be paid to the heirs of the testator, William Coleman; and that

one-half the remainder of the amount for distribution after deducting said sum of $1,500, to-wit, the sum $1,814.35, be paid to plaintiff absolutely. The plaintiff appealed.

The plaintiff's theory is that she was entitled to one-half of the whole amount of the fund absolutely and a homestead right of $1,500 out of the remainder. The Supreme Court, in cases where the widow was entitled to both homestead and dower, holds that the widow and minor children are entitled, first, to have real estate set out for a homestead of the value of $1,500, and then in admeasuring her dower there should be added to that as much more so as to make the sum of the two equal to one-third of the deceased's real estate. The decisions of the court follow the direction of the statute. [Gore v. Riley, 161 Mo. 238; Graves v. Cochran, 68 Mo. 76; Bryan v. Rhoades, 96 Mo. 485; Cassity v. Pound, 167 Mo. 605.] But it is held otherwise where the widow inherits absolutely one-half the estate of her husband, in which instance she is entitled to have allotted to her; first, one-half of the realty absolutely, and then homestead to the value of $1,500 in the remainder. [Adams v. Adams, 183 Mo. 396; McFadin v. Board, 188 Mo. 688.]

The plaintiff is wrong in her contention that she is entitled to a sum in gross equal to the present value of her interest in the homestead estate. Section 1, "Relating to computation of present value of life estate," etc., Acts of 1903, p. 167, does not include a widow's interest in her homestead. The statute comprehends within its terms only tenants for life, curtesy and dower. The widow's interest in the homestead is not an unqualified life tenancy. It may or not be. If she should marry, her tenancy ceases. [R. S. 1899, sec. 3620.]

Cause reversed with directions to enter judgment for plaintiff in accordance with this opinion. All concur.