BERTHA SCHLUP et al., Appellants, v. CORDA THRASHER et al., Respondents.

Springfield Court of Appeals, March 25, 1921.

1. **PARTITION: Pleading:** While Court May not Dispose of Homestead in Partition, Motion in Suit Might Serve Purpose of Petition for Sale of Homestead; Nature of Action not Determined by Caption. If a suit by a widow and her minor son against the adult son and daughters be regarded as partition, the court had no authority to make a disposition of the homestead, but a partition bottomed on Revised Statutes 1919, section 5863, relating to transfers of homesteads exceeding the value allowed, will be treated as to the petition required by the statute, though captioned and designated as "partition."

2. **HOMESTEAD:** Minor Son's and Widow's Interests in Homestead Realty not Ascertainable under Statute. Under Revised Statutes 1919, section 7547 et seq., providing that when a party as a tenant for life, or by the curtesy, or in dower, is entitled to the annual interest on a sum of money, or to the use of any estate, and is willing to accept a gross sum in lieu of the use, the sum shall be estimated in the manner therein provided, in a suit by a widow and minor son, the minor son's interest could not be ascertained in land of which his mother as widow had a homestead, nor was the widow's interest in the proceeds of the homestead susceptible of ascertainment under such sections.

3. ———: Refusal to Apportion Proceeds of Homstead Correct Under Revised Statutes 1919, section 5863, giving the court, in suit for partition, in the exercise of its discretion, authority to make equitable and needful orders, the action of the trial court, in a suit by a widow and her minor son against an adult son and daughters, in refusing to attempt to apportion proceeds of the homestead, *held* correct.

4. ———: Action in Placing Proceeds of Homestead in Trust on Sale for Partition, Proper. Under Revised Statutes 1919, section 5863, in suit by a widow and her minor son against an adult son and daughters, trial court's action in placing the proceeds of the homestead, when sold, in trust, *held* proper.

Appeal from the Texas Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*Barton & Impey* and *C. E. Covert* for appellants.

(1) Where a homestead is part only of an estate held in common, it is subject to partition. R. S. 1909, sec. 6713; Becker v. McLinn, 107 Mo. 277. (2) The primary duty of the court is to set the homestead off in kind; but when this cannot be done the statute specifically directs the procedure and limits it with care. R. S. 1909, sec. 6714; Dalton v. Simpson, 270 Mo. 287, 297 et seq. This is the only law authorizing the deprivation of a widow and minor child of their homestead; and it does not sanction placing the proceeds in trust. These statutory directions are mandatory and must be followed. (3) Three commands in this statute require the court to ascertain the value of the homestead interest. It does not lie in the mouth of the court to say it cannot be done. Under any other view, this court must hold that section 6714 was by implication repealed when widowhood was made a condition to the homestead right. Such repeals are not favored by the courts. (4) It will be observed that chapter 82, R. S. 1909, not only applies to "tenants for life, or by the curtesy or in dower," but also to where a party "is entitled to any estate, or part thereof." R. S. 1909, sec. 8499 et seq.

*Lamar & Lamar, Amicus Curiae.*

BRADLEY, J.—Plaintiffs, Bertha Schlup and her son, Frank Schlup, are the widow and minor son of William Schlup, deceased; and defendants are the adult son and daughters. William Schlup died testate in Texas County on January 5, 1919, seized of an estate of inheritance consisting of 240 acres of land which was a homestead. On January 20, 1919, the widow duly renounced her rights under the will and elected to take under the statute. Thereafter plaintiffs filed this cause which we take to be bottomed on section 6714, Revised Statutes 1909, now sec. 5863, Revised statutes 1919, al-

though the petition is captioned "action for partion," and "portion is mentioned frequently, but we will treat the proceedings as being under said section 5863.

Omitting caption the petition is as follows: "Plaintiffs state that Bertha Schlup is the mother and natural guardian and curator of Frank Schlup, a minor, aged thirteen years.

Plaintiffs further state that William Schlup, late of Texas County, Missouri, died in said county on or about the 5th day of January, 1919, seized and possessed of the following described real estate, lying and situate in the county of Texas, and state of Missouri, (here follows description) containing two hundred forty (240) acres, more or less.

Plaintiffs further state that the said William Schlup died testate leaving by his last will and testament to the plaintiff, Bertha Schlup, certain real estate in Texas County, Missouri, which said will has been duly probated and admitted to probate in Texas county, Missouri; that thereafter, to-wit: on the 20th day of January, 1919, plaintiff, Bertha Schlup, by her written renunciation, duly executed and acknowledged as in cases of deeds for land, and filed in the office of the court in which the said will was proved and recorded, within the time allowed by law, elected not to accept the provision made by said will and duly renounced the same and insisted upon being endowed as provided by law; that thereafter, to-wit: on the 20th day of January, 1919, the plaintiff, Bertha Schlup, made her election, by declaration in writing, acknowledged before an officer authorized to take acknowledgments of deeds, to-wit: a Notary Public, in lieu of dower of the one-third part of all lands whereof her said husband died seized of an estate of inheritance, to hold and enjoy during her natural life, elected to be endowed absolutely in a share of a child of such deceased husband, and that the said plaintiff is the widow of the said William Schlup and has a child by him living.

Plaintiffs further state that the said William Schlup left as his only heirs at law, his widow, the plaintiff,

Bertha Schlup, and his children, Corda Thrasher, Ben Schlup and Blanche Cantrell, the defendants, and, also the plaintiff, Frank Schlup; that all of the said lands were occupied by the deceased at the time of his death as a home and it had been the residence of the deceased and his family for many years; that the plaintiffs are entitled to a homestead in said lands, and, subject to such homestead, the parties to this action, whether plaintiff or defendant, are entitled to an undivided one-fifth of said lands, each.

Plaintiffs further say that said land cannot be divided in kind owing to the quality, quantity and situation thereof and the number of interests therein, without great prejudice to the rights of the respective owners.

Wherefore, plaintiffs pray for a decree adjudging and setting out the respective rights of the plaintiffs and defendants in and to said lands; that the plaintiffs be awarded, each, an undivided one-fifth interest in said lands and homestead out of the remaining three-fifths; and that said lands be sold and the proceeds distributed among the parties herein as their respective interests may appear; and for such other and further relief as to the court may seem just and proper."

Defendants though duly served with process made no appearance. The cause came on for hearing at the April Term, 1919, and the court found the facts to be about as alleged, setting out the facts found. On this finding it was "ordered, adjudged and decreed by the court that partition be had therein; but it appearing to the court, from the nature and amount of the property sought to be divided, and the number of the owners thereof, that partition in kind of said estate cannot be made without great prejudice to the owners thereof, the court doth therefore order said property to be sold according to law, by the sheriff of Texas County, Missouri, during some day of the next term of this court, to the highest bidder for cash; that the proceeds of such sale be partitioned between the parties herein according to their

respective interests as herein declared, and that said sheriff report his action hereunder at the next term of this court."

Pursuant to this order the lands described in the petition were, at the August term, 1919, sold by the sheriff at public sale to the highest bidder. Plaintiff, Bertha Schlup, was the highest bidder, and purchased said land for $2150, which amount was paid to the sheriff. The report of sale was duly filed, and plaintiffs moved for confirmation. Defendants appeared and were represented on the confirmation hearing. Of its own motion the court declared the law to be:

1. "The court declares the law to be that the proceeds of a homestead is not liable to commutation between the widow and the minor children on the one hand and the heirs of the deceased on the other, and the court cannot at its discretion or otherwise commute the interest of the widow and minor children and pay them the present value of their interest in such homestead.

2. The court declares the law to be that the interest of the widow in a homestead is not an unqualified life estate and is not liable to commutation under the statute fixing the value of a life estate. Such interest ceases upon her remarriage, and upon a sale of such homestead in partition, the value of the homestead should be put in the hands of a trustee and the income from her interest therein be paid to her until her death or remarriage. And the court has no discretion to give her the full value of the homestead based upon the life estate."

The court made order and disposition as follows: "Now on this day comes plaintiffs by their attorneys and move the court to confirm the report of sale heretofore filed in this cause and the same is taken up and considered by the court, and it appearing to the satisfaction of the court that said sale was open to competitive bidding, and that the amount received for said real estate, to-wit: the sum of $2150, is a fair, reasonable and ade-

quate price therefor, and no exceptions to said report having been filed, the said report is by the court duly approved and said sale confirmed and made binding upon all parties concerned. The itemized statement contained in said report of the costs and expenses accrued in this action amounting in the aggregate to $208.25, is examined by the court and found correct, and said costs and expenses are allowed by the court and ordered paid by the sheriff out of the proceeds of said sale.

The court further finds that after paying the costs and expenses as aforesaid that there is left the sum of $1941.75; that Bertha Schlup, the widow, now aged thirty-nine years, and Frank Schlup, a male minor, now aged thirteen years, are entitled to a homestead interest in said amount, and that the value of said homestead is, $1500. It is therefore ordered and decreed by the court that said sum of $1500 be paid into the hands of N. A. Mathis, who is hereby appointed by the court to act as trustee of said fund, and that the said trustee pay over the income arising from the said fund after deducting such charges and expenses in connection therewith as may from time to time be allowed said trustee, in equal shares to the said Bertha Schlup and Frank Schlup until the said Frank Schlup shall attain the age of 21 years, and thereafter all the net income from said fund shall be paid to the said Bertha Schlup so long as she shall live; if either said Bertha Schlup or Frank Schlup shall die before the said Frank Schlup shall attain the age of 21 years, then all the income from said fund shall be paid to the survivor of them; and if the said Bertha Schlup shall remarry then and in that event her interest in the income of saidfund shall cease, and if such marriage shall occur prior to the date at which the said Frank Schlup shall have attained the age of 21 years, such income shall be paid him until he shall attain said age. The court further authorizes and directs said trustee to pay over that part of the income from such fund to which the said Frank Schlup shall be entitled to the said Bertha Schlup so long as she shall retain the care, custody and control of the said Frank Schlup.

The court further finds that after the payment of the costs and expenses of this action and the impounding of the amount realized by the sale of the homestead therein, there is left for present distribution the sum of $441.75 and that the names of the distributees and the several amounts to which they are entitled respectively are as follows: Bertha Schlup, $87.35; Frank Schlup, $88.35; Corda Thrasher, $88.35; Ben Schlup, $88.35; Blanche Cantrell, $88.35. It is therefore ordered and directed by the court that the sheriff of Texas county, Missouri, pay to the several parties above named the sums due them respectively as above set out and take their receipts therefor."

Plaintiffs appealed from the order of disposition of the $1500, the proceeds of the homestead. They contend that the value of their interest in the proceeds of the homestead should have been ascertained and paid to them out of said proceeds. If the cause be considered strictly as in partition then the court had no authority to make disposition of the homestead. [Dalton v. Simpson, 270 Mo. 287; 193 S. W. 546; Brewington v. Brewington, 211 Mo. 48, 109 S. W. 723.] However, it seems that a motion in a partition suit or in any cause where section 5863 may be involved might serve the purpose of the peition mentioned therein. [Schaeffer v. Beldsmeir, 9 Mo. App. 439; Fenwick v. Wheatley, 23 Mo. App. 641.] In view of the fact that the cause seems to have proreeded below as under section 5863 for the sale of the whole premises including the homestead, and that the plaintiffs, the only parties to the cause entitled to the homestead, sought its sale and disposition, we will consider the cause as one under section 5863 for the sale of homestead and will determine the questions submitted on the appeal.

The questions here are the correctness of the court's action in placing the proceeds of the homestead in trust and refusing to attempt to ascertain plaintiffs' homestead interest therein, and pay over said interest. Plaintiffs contend that the value of their interest should have

been ascertained according to the provisions of sections 7547 et seq., Revised Statutes 1919. By section 7547 it is provided that "when a party as tenant for life, or by the curtesy, or in dower, is entitled to the annual interest on a sum of money or is entitled to the use of any estate," etc., and is willing to accept a gross sum in lieu of said use "the sum shall be estimated" as in said sections provided. The minor plaintiff, Frank Schlup, was at the time of the trial 13 years old. His right to participate in the proceeds of the homestead, as a homestead, interest will cease when he arrives at the age of 21 years. Plaintiff, Bertha Schlup, is entitled to participate in the proceeds of the homestead for life or during widowhood. She has not an unqualified life estate in the homestead as the court declared. Plaintiffs say in their brief that section 7547 not only applied to a tenant for life or by the curtesy or in dower, but also applies to *any estate*. The contention is made because of the use of the words *any estate* in said section. We do not agree with plaintiffs in this contention. It is apparent that the minor's interest could not be ascertained by section 7547. Neither can the widow's only by assuming that widowhood will continue. We do not think that plaintiffs' interest in the proceeds of the homestead are susceptible of ascertainment under section 7547 et seq. Learned counsel for appellants say that appellants' interest should be determined under said sections, but do not enlighten us with an example of how this may be done. It is held in Coleman v. Coleman, 122 Mo. App. 715, 99 S. W. 459, that a widow's homestead interest is not included under what is now section 7547. The court there says: "The statute comprehends within its terms only tenants for life, curtesy and dower. The widow's interest in the homestead is not an unqualified life tenancy. It may or may not be. If she should marry her tenancy ceases." Plaintiffs call attention to that portion of section 5863 where it is provided that "if the case require it the court may order a sale of the whole premises, and apportion the proceeds between the parties." But this is not a

case which requires such to be done. Section 5863 also provides that the court may make all such orders in the premises as shall be equitable and needful. In the exercise of the authority to make equitable and needful orders in the cause now before us the court below refused to attempt to apportion the proceeds of the homestead, and we hold that such action was correct.

The next question is the correctness of the court's action in placing the proceeds of the homestead in trust. In Coleman v. Coleman, supra, the proceeds of the homestead were placed in the hands of a trustee. The propriety or legality of that action was not raised in that case. The statute, section 5863, as we have already observed, provides that the court, in a case like the one at bar, may make such orders in the premises as shall be equitable and needful. It is stated in Dalton v. Simpson, supra, that the object of the homestead laws is to preserve a home for the family. The homestead may be literally wiped out by sale under section 5863, but it does not necessarily follow that there cannot be another. The next section provides that if the homestead be sold as provided in section 5863 the court may control the investment of the proceeds in a new homestead, etc. It is certainly contemplated that the proceeds of the sale of a homestead be not dissipated and wasted, and we approve the court's action in placing the proceeds of the homestead in the hands of a trustee. The judgment below should be affirmed, and it is so ordered.

*Cox, P. J.,* and *Farrington, J.,* concur.