CARROLD OSBORN AND ORMOND A. OSBORN, RESPONDENTS, v. ZETTA OSBORN, APPELLANT.—274 S. W. (2) Mo. 32.

Springfield Court of Appeals. December 7, 1954.

*Helen E. Redding,* for Appellant.

*Tatam & Wise,* for Respondent.

McDOWELL, P. J.—This appeal is from a judgment of the Circuit Court of Jasper County in an action seeking to sell real estate in which defendant had a homestead and dower interest, and to apportion the proceeds according to the respective rights of the

parties. It is a statutory action brought under the provisions of section 513.525 R. S. Mo. 1949, V. A. M. S., formerly section 618 R. S. Mo. 1939.

The petition states that Earl Osborn of Joplin, Missouri, died intestate January 30, 1950, leaving as his only heirs, plaintiffs, children by a former marriage, and his widow, the defendant; that defendant and the deceased had no children.

It stated that Earl Osborn died seized of a city lot in Joplin; that upon his death the property descended to plaintiffs, subject to the defendant's homestead, share and share alike; that defendant's dower nor homestead had been assigned or set off to her; that the real estate was occupied by defendant and deceased as a homestead and that defendant has continued to claim and occupy the same as her homestead and right of quarantine; that said real estate exceeds the value of $1500.00 as prescribed and set out in section 608 Mo. Rev. Stat. 1939, now section 513.475; that a severance of the homestead would greatly depreciate the value of the residue of the premises and would greatly inconvenience the plaintiffs herein.

The prayer is for relief in accordance with the provisions of section 513.525 R. S. Mo. 1949 that the court order a sale of the whole premises and apportion the proceeds between the parties plaintiffs and defendant as their respective interests may appear and make such other orders in the premises as shall be equitable and needful.

The amended answer admits most of the allegations of the petition. It is admitted that defendant's dower nor homestead interest has not been assigned but alleges that defendant is making application to the court for such assignment. It is admitted that defendant is occupying the premises and that she is administratix of the estate of her deceased husband and denies each and every other allegation of the petition.

Section 513.525 R. S. Mo. 1949, under which this action was brought, reads:

"Whenever any dwelling house, outbuilding and the land in connection therewith, in which a homestead shall exist, shall exceed the respective value mentioned in section 513.475, and a severance of such homestead would greatly depreciate the value of the residue of the premises, or be of great inconvenience to the parties interested either in such residue or in such homestead, either party may apply to the circuit court by petition, setting forth the facts, for relief; and upon the hearing of such petition, if it shall appear that such homestead cannot be occupied in severalty without great inconvenience to the parties interested in such homestead or in such residue, the court may order such homestead to be transferred to such other parties, and the payment of the value of the homestead interest to the owner thereof; or at the option of such owner, may order such

other parties to transfer such residue to him, and order him thereupon to pay such other parties the value thereof, to be fixed by the court; or, if the case requires it, the court may order a sale of the whole premises, and apportion the proceeds between the parties; and such court may make all such orders in the premises as shall be equitable and needful.''

This is the second time this cause has been appealed to this court. On the first appeal we held that the judgment in the lower court was not final, and the appeal was premature. See Osborn v. Osborn, Mo. App., 252 S. W. 2d 837.

In the first appeal our opinion recites the evidence in the case. Since the issues raised here involve questions of law we will not restate the evidence except as to additional evidence offered at the second trial.

The court's judgment is as follows:

''The court doth further find that Earl Osborn, deceased, died intestate on the 30th day of January, 1950, leaving surviving him as his only heirs at law the plaintiffs, Carrold Osborn and Ormond A. Osborn; that defendant, Zetta Osborn, is the widow of deceased; that plaintiffs are the children of said deceased by a former marriage; that defendant and said deceased had no children by their marriage; that said deceased died seized of an estate of inheritance, to-wit: an estate in fee simple, in the following described real estate situated in the County of Jasper and State of Missouri, to-wit:

''All of lot numbered forty-six (46) in Murphy's First Addition to the City of Joplin; that upon the death of said decedent, the said real estate descended, subject to defendant's homestead rights, and further subject to defendant's dower rights, if any such there be over and above defendant's homestead rights, unto the plaintiffs, share and share alike; that neither defendant's homestead nor dower have been set off to her; that said real estate was occupied by said decedent and defendant as their homestead during the life of said decedent, and that defendant has continued to claim and occupy the same as her homestead since the death of said decedent; that said real estate, consisting of a dwelling house, out-building, and the land connected therewith, exceeds the homestead value of $1,500.00 prescribed and set out in Section 513.475, Mo. R. S. 1949; that defendant was born July 9, 1900, and that her 50th birthday was the birthday closest in time to January 30, 1950;

''That a severance of homestead in said real estate would greatly depreciate the value of the residue of the premises, and would greatly inconvenience the plaintiffs herein, and it further appearing to the court that said homestead cannot be occupied in severalty without great inconvenience to the parties; and it further appearing that

decedent at the time of his death owned no other real estate in the State of Missouri;

"And it further appearing that defendant may be entitled to some dower interest in said real estate over and above her said homestead interest;

"IT IS NOW THEREFORE ORDERED, ADJUDGED AND DECREED that Don Long, Walter Brown, and Floyd Lyons be and are hereby appointed commissioners and appraisers for the purpose of appraising the value of said real estate herein above described, and said commissioners and appraisers are hereby ordered to appraise said real estate and to determine the value of defendant's dower therein, using as a basis therefore the annuity tables set out in Section 442.530 to 442.550 inclusive, Mo. R. S. 1949, and the age of 50 years, but they shall diminish the value of such dower by the value of the said homestead to be so determined on a basis of $1,500.00 as aforesaid; and if the commissioners and appraisers shall find that the interest of the widow-defendant in such homestead shall equal or exceed one-third interest in said real estate for and during defendant's natural life, no dower interest shall be ascertained for said defendant; and said commissioners and appraisers are further ordered to report to this court, in writing, duly verified, their said findings as herein above required, and said appraised value of said real estate as found by them shall be the value of said real estate as determined by this court; and it is further ordered that each of said commissioners and appraisers shall be allowed the sum of $10.00 per day for his services as such commissioner and appraiser therein, and that such shall be taxed as costs of this action;

"And it is further ordered, adjudged and decreed that after said commissioners report shall be filed herein, plaintiffs and defendant shall have 30 days to file their exceptions thereto, if any, in writing, and if there be no such exceptions so filed, or if so filed, and overruled, plaintiffs shall transfer their interest in said real estate by their properly executed and acknowledged deed to defendant, if defendant shall, within 30 days after the approval of the report of said commissioners and appraisers by the court, pay into court the value of said real estate as appraised by the said commissioners and appraisers as aforesaid, less the amount by which defendant's dower interest in said real estate, if any, to be appraised and determined as aforesaid shall exceed the said sum of $1,500.00, if any such dower interest. there shall be therein over and above the value of $1,500.00; and that the amount so paid into court shall be distributed as follows, to-wit:

"(a) first the costs of this action shall be paid therefrom;

"(b) next the sum of $1,500.00 representing the value of the homestead of defendant in said real estate, shall be paid into the hands of William C. Meyers, Jr., who is hereby appointed, to act as trustee

of said fund, and that said trustee pay over the income arising from the said fund, after deducting such charges and expenses in connection therewith as may from time to time be allowed said trustee, unto defendant for so long as said defendant shall live or until her remarriage, and upon defendant's death or remarriage, all of her interest in the income of said fund shall cease; and upon the death or remarriage of said defendant, the principal of said trust fund shall be delivered, share and share alike, unto plaintiffs, or their personal representatives; and

"(c) after the payment of the costs and expenses of this action, and after the impounding of said $1,500.00 trust fund herein above provided, the balance of said amount so to be paid into court by defendant as aforesaid shall be distributed between the plaintiffs, share and share alike; .

"PROVIDED, HOWEVER, that if defendant shall not so pay into court the value of said real estate as herein above provided, said real estate shall be sold according to law by the Sheriff of Jasper County, Missouri, to the highest bidder for cash, the proceeds to be distributed as herein above provided, paying to the defendant, however, after payment of costs, the amount by which her dower in said real estate shall exceed the amount of $1,500.00, if it does so exceed $1,500.00, using as a basis for determining said dower, the annuity tables set out in Sections 442.530 to 442.550, inclusive, Mo. R. S. 1949, and the age of 50 years, and the selling price of the real estate."

In the second trial the age of defendant was shown to be 50 years, at the death of her husband. It was shown that on July 13, 1953, the commissioners and appraisers, appointed by the court to determine the dower and homestead interest, filed their report showing the value of the real estate involved as of January 30, 1950, to be $7,000.00; the value of the defendant's dower interest, based upon the age of 50 years, was $1,488.34; that the homestead interest was of the value of $1,500.00, as per order of the court and that the value of the dower interest diminished by the homestead is none; that exceptions were filed by defendant to the report of commissioners August 12, 1953, and, by the court, overruled September 3, 1953, and that this report was approved September 17, 1953.

In our opinion we will refer to appellant as defendant and respondents as plaintiffs.

Defendant's first allegation of error is that plaintiff's petition, seeking relief under the provisions of section 513.525 R. S. Mo. 1949, fails to state a claim upon which relief can be granted for sale of a homestead in a suit brought by adult heirs of the deceased owner against the widow.

It is contended that the provisions of this section are applicable only in suits by judgment creditors or in suits in which the widow petitions for relief by sale of the homestead.

Under this assignment of error defendant cites three cases— Daniels v. Peck, et al., Mo. App., 288 S. W. 84; Coleman et al. v. Coleman et al., Mo. App., 99 S. W. 459, and Schlup et al. v. Thrasher, et al., Mo. App., 229 S. W. 1094.

In Daniels v. Peck, supra, the action was based on section 5863, R. S. Mo. 1919, which is the same law as declared in Section 513.525 R. S. Mo. 1949, under which the case at bar was brought. In this action a judgment creditor filed a motion in the Circuit Court to subject the excess value of the defendant's real estate over the homestead interest to plaintiff's judgment. The petition alleged that the severance of the homestead would greatly depreciate the value of the residue of the premises and would be of great inconvenience to the parties interested either in the residue or the homestead and that the homestead could not be occupied in severalty without great inconvenience to the parties.

It was the contention that this section applied only where several parties had vested interest and the homestead could not be set off without great prejudice and loss to all concerned. Defendant contended that the court was without authority to order sale of land including homestead and requiring the homestead claimant to accept the sum of $1,500.00 in cash; that no surplus above the homestead is available for credit until the homestead was determined and set off; that creditors must wait until the homestead right is ended. The judgment was that it had long been the law that excess in a homestead may be subjected to the payment of debts of homestead claimant. The court stated the following law on page 85 of the opinion:

"* * * There is nothing in the Homestead Act indicating any such intention on the part of the Legislature, but, on the contrary, we think that section 5863 was passed to meet a situation of this kind as well as where the homestead estate of the widow and minor children cannot be severed and set out, apart from the interest of other heirs, without great inconvenience and loss. As much was intimated by the Supreme Court in Brewington v. Brewington, 211 Mo. 48, 63, 109 S. W. 723, and is established by the authorities. 29 C. J. 888; Thompson on Homesteads and Exemptions, Sec. 709; Waples on Homestead and Exemption, 224, 406, 730; Schaeffer v. Beldsmeier, supra; * * *"

While the court's statement that this section of the statute was passed to meet a situation of this kind as well as where the homestead estate of the widow and minor children cannot be severed and set aside apart from the interest of other heirs without great inconvenience or loss might have been obiter dictum, yet, it clearly states

that the dower interest of the widow might be severed and sold under this section of the statute and it is clearly opposed to the contentions of the defendant under this allegation of error.

Coleman et al. v. Coleman, et al., supra, herein cited, likewise, does not support defendant's contention. Here, the widow instituted a suit in partition making the other legatees of the will parties. She sought a judgment of the court for an order of distribution of the estate giving her half the sale price absolutely and $1,500.00 to be deducted as a homestead estate. The trial court ordered the $1,500.00 homestead interest deducted from the sale price and placed in the hands of a trustee, the interest thereof to be paid plaintiff. This judgment was affirmed on appeal. It was held that a homestead interest was not a life estate and the value thereof could not be computed on that basis. The case is no authority for defendant's contention.

Schlup et al. v. Thrasher, supra, is a case very much like the one before us at bar. It was decided by this court and was a statutory action based upon section 5863 R. S. Mo. 1919, now 513.525 R. S. Mo. 1949.

The widow and minor children were seized of an estate of inheritance consisting of 240 acres of land. The widow renounced the will and elected to take a child's part. The petition sought to sell the land and the homestead interest therein and apportion the proceeds according to the interest of the heirs.

The court held that the homestead is not liable to commutation between the widow and minor children and the heirs of deceased and that the court cannot pay them the present value of their interest in such homestead. It held that a homestead is not an unqualified life estate; that the value thereof cannot be determined as such. The court decreed that $1,500.00 be paid to the trustee and the income be paid in equal shares to the widow and children until the children reached the age of majority and, thereafter, to the widow for life or until remarriage.

On appeal this court stated the law on page 1096 of the opinion:

"The questions here are the correctness of the court's action in placing the proceeds of the homestead in trust and refusing to attempt to ascertain plaintiffs' homestead interest therein and pay over said interest. Plaintiffs contend that the value of their interest should have been ascertained according to the provisions of sections 7547 et seq. R. S. 1919. By section 7547 it is provided that, 'when a party as tenant for life, or by the curtesy, or in dower, is entitled to the annual interest on a sum of money, or is entitled to the use of any estate,' etc., and is willing to accept a gross sum in lieu of said use, 'the sum shall be estimated' as in said sections provided. * * * We do not think that plaintiffs' interest in the proceeds of

the homestead are susceptible of ascertainment under section 7547 et seq. * * * It is held in Coleman v. Coleman, 122 Mo App. 715, 99 S. W. 459, that a widow's homestead interest is not included under what is now section 7547. * * *

"Plaintiffs call attention to that portion of section 5863 where it is provided that—

" 'If the case require it the court may order a sale of the whole premises, and apportion the proceeds between the parties.'

"But this is not a case which requires such to be done. Section 5863 also provides that the court may make all such orders in the premises as shall be equitable and needful. In the exercise of the authority to make equitable and needful orders in the cause now before us the court below refused to attempt to apportion the proceeds of the homestead, and we hold that such action was correct.

"The next question is the correctness of the court's action in placing the proceeds of the homestead in trust. In Coleman v. Coleman, supra, the proceeds of the homestead were placed in the hands of a trustee. The propriety or legality of that action was not raised in that case. The statute (section 5863), as we have already observed, provides that the court, in a case like the one at bar, may make such orders in the premises as shall be equitable and needful. * * *"

In Dalton v. Simpson, Mo. Sup., 193 S. W. 546, 550, the Supreme Court states the law that the provisions of Section 6714, R. S. Mo. 1909, now 513.525, is the only provision of the law by which it is possible for the court to deprive the widow and minor children of the deceased householder of the title vested in them by the provisions of section 6708, and it guards their rights with care. The court states that there are many cases in which this provision may be necessary.

In re Rombauer Estate, Kirksville Sav. Bank v. Citizen's Nat. Bank, Mo. Sup., 256 S. W. 1066, the Supreme Court held that the only provision of the law authorizing the sale of the homestead when the property is such that the homestead cannot be severed from the residue of the land connected therewith without great injury thereto is the law as declared in section 513.525, citing the cases we have heretofore cited. The court specifically stated that the Probate Court had no such jurisdiction but that such jurisdiction is in the Circuit Court alone.

In Karsznia v. Kelsey et al., Mo. Sup., 262 S. W. 2d 844, 846, the law is stated:

"The homestead is an estate sui generis. It is governed by the homestead law, can only be sold in pursuance to the provisions of that law, and is not subject to the general law relating to the descent and distribution of estates. * * *"

Section 513.525, R. S. Mo. 1949, under which plaintiffs' action is brought, provides the only method under the law for ordering the homestead sold. We hold there is no merit in this allegation of error.

The second allegation of error is that the trial court exceded its jurisdiction in appointing commissioners to set out the dower because such powers are lodged in the Probate Court.

To support this allegation of error defendant cites sections 513.495, 513.505 and 513.520, R. S. Mo. 1949. These sections are part of the homestead law.

Section 513.495 relates to exemption of homesteads from execution and attachment. Section 513.505 pertains to the duties of commissioners appointed by the Probate Court.

These sections in no way sustain defendant's contention. Under certain conditions the Probate Court having jurisdiction of the estate may appoint commissioners to set out the homestead. But the law is well settled that homesteads can only be sold as prayed for in plaintiff's petition by actions in the Circuit Court.

Section 513.520 R. S. Mo. 1949 provides that whenever in any case not in sections 513.475 to 513.530 otherwise provided for, it shall become necessary in any proceeding at law or at equity, to sever, or set out any homestead from other real estate, the court in which proceedings shall be pending may appoint three commissioners to appraise and set out such homestead. Clearly, this section does not support defendant's contention for it provides that the court in which the action is pending may appoint commissioners and under section 513.525 the action can only be had in the Circuit Court. Therefore, the Circuit Court would have jurisdiction to appoint the commissioners.

Defendant cites Brown v. Brown's Admr., 68 Mo. 388, and Stanton v. Leonard, Mo. Sup., 130 S. W. 2d 487. These authorities do not sustain defendant's contention. The latter case was a quieting title suit. The sole question for decision was whether or not, the widow by filing an election to take a child's part in the real estate took the child's part subject to her homestead rights. Such issue is not in the case at bar.

We find that the trial court followed the law as provided in section 513.525 R. S. Mo. 1949. He had the power to make such orders in the premises as shall be equitable and needful. He appointed the commissioners to determine whether or not the dower interest in the property involved was greater than the homestead interest. He determined the amount of the homestead interest and the commissioners found that the dower interest diminished by the homestead interest was of no value. Therefore, it was unnecessary to have the dower interest determined. We find there is no merit in this contention.

Defendant's third contention that the trial court erred in ordering a sale of the real estate and the distribution of the proceeds before the value of the homestead interest of the widow had been determined, or before the widow had been given the time prescribed in the decree to indicate whether or not she would purchase the premises which action was in disregard of this court's judgment in its opinion in the former appeal is, likewise, without merit.

Section 513.525 provides that the court may order such homestead to be transferred to such other parties, and the payment of the value of the homestead interest to the owner thereof, or, at the option of such owner, may order such other parties to transfer the residue to him, and order him therefrom to pay such other parties the value thereof, to be fixed by the court or, if the case require it, the court may order a sale of the whole premises and apportion the proceeds between the parties.

The judgment of the court fixed the value of the homestead interest at $1,500.00. He gave defendant the right to pay the value of the property, to-wit, $7,000.00 into court and ordered that if such were done plaintiffs convey the property to the defendant. Defendant failed to exercise this right. The trial court then found that under the evidence it was necessary to sell the whole premises and apportion the proceeds between the interested parties. This was done and we hold that it fully complied with the law.

Defendant's fourth allegation of error complains that the decree of the trial court failed to follow the directions of this court in that the decree does not provide for the approval of the sheriff's sale or an order of final distribution from which an appeal could be taken as directed by the court.

Defendant cites, as authority for this contention, cases which we have commented upon. In our former opinion, reported in 252 S. W. 2d, 837, we held there was not a final judgment; that the age of the widow was not stated; that the report of the commissioners had not been returned in writing or approved and there had been no ruling by the trial court upon the exceptions filed by the parties, which action we deem necessary before the court could order the sheriff to sell the property.

We hold that the judgment of the trial court, under consideration here, was a final judgment; that the court complied with the provisions of the statutes and there is no merit in this contention.

Allegation of error numbered 5 is that the trial court could not grant the relief sought without some accurate method of evaluating the widow's homestead.

Again, defendant cites our former opinion in this case. The court's discussion relative to the finding of the value of the homestead interest merely emphasized the law that a homestead interest is not a

life estate and the value thereof cannot be determined under the mortality statute. Section 513.525 provides that the value of such homestead interest is to be fixed by the court. The court, following the exemption statute under the facts in this case, directed that the homestead interest be fixed at $1,500.00. We think such power of the court is given under the statute. He not only is directed to fix the value of a homestead interest but may make such orders in the premises as shall be equitable and needful. We find against defendant on this allegation of error.

The sixth allegation of error complains that the trial court erred in providing in its decree for the impounding the value of the homestead interest in the hands of a trustee because section 513.530 R. S. Mo. 1949 has practically repealed the married woman's act in relegating to the widow the income of $1,500.00 in lieu of the home provided for under the homestead act.

We agree with defendant that the law as it has existed since 1865, is still in existence and the provisions for the widow and minor children provided for in such homestead act are wholly inadequate. The law was made for another age. It does not now afford sufficient protection to the widow and minor heirs. However, it is not the province of this court to make the law. That is the duty of the legislature. The trial court had a duty to see that these funds were not dissipated. This homestead is gone but the court is invested with power to create another homestead with the money received from this sale or to perform such acts for the protection of the homestead interest as would be equitable and needful. It seems to us that he did the most equitable thing, and about all that could be done, in placing the proceeds of this homestead interest under the care of a trustee and ordering the income thereof paid to the defendant.

In 17 M.L.R., 1952, page 348, the following statement is made:

"Vernier has described the Missouri statutes providing for the surviving spouse of an intestate as 'needlessly confused and complex' and 'archaic'. * * *"

We find against defendant under this allegation of error.

Under assignment of error No. 7 it is contended that the widow cannot be deprived of her right of occupancy of the homestead property without her consent or until death or remarriage.

We have cited authorities, including the ones relied upon by defendant under this allegation. These authorities clearly state that the only method by which a homestead interest can be sold is the remedy provided in section 512.525 R. S. Mo. 1949, that is, "if it shall appear that such homestead cannot be occupied in severalty without great inconvenience to the parties interested in such homestead or in such residue".

It is needless to say more upon this assignment of error. It is without merit.

Under assignment of error numbered 8, it is contended that it is impossible to render a valid decree in favor of the plaintiffs in harmony with the reasoning of this court and with a liberal and humanitarian construction of the homestead act prescribed by the court.

We cannot ascribe to this doctrine. We are duty bound to interpret the law as it is written and we are further bound by the law as it has been last declared by our Supreme Court. We are fully aware that the homestead act now on the statute books of this state wholly fails to provide for the need of the widow and minor children. We have stated herein that laws are made by the legislature of this state and the courts are created to give force to such legislative acts by a fair and liberal interpretation thereof. Therefore, this court is without power to reverse a case upon the theory expressed in defendant's last allegation of error.

Judgment affirmed. *Stone, J.,* concurs.