### In the Matter of the ESTATE of Orville BELL, Deceased.

Application for Homestead Allowance; Emilie Bell, also known as Millie Bell, Appellant.

No. 47586.

Supreme Court of Missouri, Division No. 1.

Nov. 9, 1959.

Leo J. Rozier, Perryville, for appellant.

Lucius W. Robb, Perryville, for respondent.

HOLMAN, Commissioner.

On December 4, 1957, Emilie Bell filed an application in the Probate Court of Perry County for a homestead allowance in the estate of her deceased husband, Orville Bell. Upon disqualification of the probate judge the matter was transferred to the circuit court of that county. A trial resulted in a finding and judgment that Emilie Bell "is not entitled to a homestead allowance out of said estate; and that said application for homestead allowance should be disallowed." Mrs. Bell has appealed. In her application appellant selected and sought to have conveyed to her a certain parcel of land in satisfaction of her claim for a homestead. We therefore have appellate jurisdiction, as title to real estate is involved. Article V, § 3, Constitution of Missouri 1945, V.A.M.S.

The parties stipulated as to the facts. Orville Bell died testate on February 26, 1957, leaving a widow (appellant) and four children who had been born of a prior marriage. On March 2, 1957, his will was duly probated and his son, John J. Bell, was appointed executor of his estate. In his will deceased gave appellant the household furniture and devised to her a life estate in a house and lot located in Perryville, Missouri. However, that property was sold by testator between the time of making the will and the date of his death. On June 4, 1957, appellant filed her election to take against the will and, as stated, thereafter filed the instant application for a homestead allowance.

The inventory filed by the executor lists personal property of the value of $553.63 and real estate of the appraised value of $22,700. The property which appellant selected for her homestead was appraised at $7,500 but it was agreed at the trial that it had a "present value of $8,000."

The question presented upon this appeal is whether a surviving widow who elected to take against the will of her deceased husband was entitled to a homestead allowance under the provisions of the 1955 Probate Code of Missouri, Section 472.010 et seq., V.A.M.S., as such code existed on the date of the death of decedent herein. Section 474.290, 26 V.A.M.S. (Laws 1955, p. 385, § 138), provides for a homestead allowance to the surviving spouse. However, as originally enacted, Section 474.160, 26 V.A.M.S. (Laws 1955, p. 385, § 252), purported to specify what a spouse electing to take against the will should receive from the testator's estate and no mention of a homestead allowance was made therein. The failure of that section to provide that such a spouse should receive the statutory homestead allowance is the primary basis for respondent's contention that appellant was not entitled to such an allowance. In that connection we should mention that in 1957, Section 474.160, supra, was amended, in a number of respects, including the addition of the following: "2. The rights of the surviving spouse under this section are not given in lieu of the homestead allowance under section 474.290, but any homestead allowance made to the surviving spouse shall be offset against the share taken under this section." Pocket Parts, 26 V.A.M.S. (Laws 1957, p. 829, § 1). That amendment may not be considered in the instant case, however, except in so far as it might aid in determining the construction which should be placed upon the original enactment.

█ At the time this appeal was taken the instant question was considered by counsel to be one of first impression in this state.

However, in the recent case of Owen v. Riffie, Mo.Sup., 323 S.W.2d 765, this court had the identical question before it and we therein decided that a surviving spouse who elected to take against the will was entitled to a homestead allowance under the statutory provisions as they existed prior to the 1957 amendments. Our reasons for that conclusion are specified in that opinion and no point would be served in repeating them herein. We accordingly rule that the trial court erred in denying the application of appellant for a homestead allowance.

Appellant in her application prayed that if the property selected as her homestead should be determined to have a value in excess of $7,500 "that said executor transfer and convey to her by proper deed an appropriate interest in the property selected above, free and clear of encumbrance, of the value of Seven Thousand Five Hundred Dollars ($7,500.00)." Upon oral argument in this court counsel for appellant suggested that in the event it should be determined that appellant is entitled to a homestead, since the value of the property selected is agreed to be $8,000, the appellant should be permitted to receive the whole title to said property upon payment to the estate of the difference between the homestead allowance and the value of the said property. A similar procedure was followed in Owen v. Riffie, supra, and if, after remand, the appellant will present the foregoing request to the trial court we are of the opinion (under the circumstances of this case) that it should be granted.

The judgment is reversed and cause remanded for further proceedings in accordance with the views herein expressed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.