Matter of the ESTATE of William Edwin
WALTON, Deceased.

E. W. WALTON, Appellant,

v.

Grace V. WALTON, Respondent.

No. 47200.

Supreme Court of Missouri,

Division No. 2.

Jan. 11, 1960.

Harry T. Limerick, Jr., Columbia, for
appellant.

Edwin C. Orr, Orr and Sapp, Columbia,
for administratrix-respondent.

BARRETT, Commissioner.

The inventory shows that William Edwin Walton's estate consisted of a bank account of $1757.51 (corrected to $1757.11) and real property in Columbia of the appraised value of $10,000. On April 9, 1958, his surviving widow and administratrix timely filed an application for exempt property (V.A.M.S., Sec. 474.250), for the family allowance due a spouse (V.A.M.S., Sec. 474.260), and for her homestead allowance as provided in V.A.M.S., Sec. 474.290, amended, Laws Mo.1957, pp. 829, 855. In her petition the widow specifically selected as her homestead the real estate described in the inventory, and in selecting the real estate she prayed, among other things, that the probate court direct the administratrix "to convey the interest in real estate allowed by this Court and *such interest therein as is allowed* by this Court, by deed, to herself in such manner as is appropriate and proper under the laws of the State of Missouri. Petitioner specifically prays that her homestead allowance be paid to her *by conveyance to her of an interest equal to the amount of the homestead allowance* in real estate more particularly described as follows * * *." Upon this petition the probate court decreed the widow to be the owner of the exempt property under section 474.-250, that she was entitled to a family allowance of $2,000 under section 474.260, and that she was entitled to a homestead allowance of $4878.55 under section 474.290. Pursuant to the finding the court, on April 9, 1958, ordered the administratrix to "convey by deed to herself" the described real estate subject "to a lien for such an amount as Eugene Wilson Walton * * * may have in said property after the payment of all debts, allowances, and homestead rights * * * determined by the Probate Court of Boone County at the time of the final settlement of this estate." The day following the order the administratrix exe-

cuted and recorded a deed to the property to herself, "Subject, however, to a lien in favor of E. W. Walton, for such an amount of money as may be found by the Probate Court * * * as duing (sic) to the said E. W. Walton on the final settlement of the Estate of William Edwin Walton, deceased."

Thereafter, on April 14, 1958, E. W. Walton, son (presumably by a former marriage) and heir of William Edwin, filed in the probate court a "Motion To Set Aside Order Of Probate Court Allowing Homestead Allowance," alleging, among other matters, that the amount of the allowance did not comply with the statute and that the court was without jurisdiction, under the statute, "to authorize a deed from the Administratrix to herself for the entire interest in the real estate when said statute only gives the widow the right to select property equal to fifty (50) per cent of said estate" and so he prayed that the court set aside the order and "enter a new decree allowing her fifty (50) per cent of the value of the estate as a claim as provided by law." The son, after the denial of his motion, appealed to the Circuit Court of Boone County and that court entered a judgment in favor of the widow. That judgment, in effect, follows the judgment entered in the probate court and likewise orders the administratrix to convey the property to herself personally subject to a lien in favor of the son. Thus the cause here is an appeal by the son from the judgment of the Circuit Court of Boone County. However, he no longer asks, as he did on appeal from the probate court, that a new decree be entered allowing her an interest in the real property equal in value to her homestead, he now contends that the deed as executed by the administratrix to herself pursuant to the courts' orders is for a greater interest than the homestead allowance and is therefore invalid, but if found to be valid should be modified so as to include proper safeguards to the heir.

Before considering the single meritorious problem involved upon this appeal it is necessary to note that the parties have unnecessarily cluttered up their briefs and the essential issue with several extraneous and collateral matters. In the briefs considerable space is devoted to the subjects of rental of the property and its disposition, to the rights of creditors, to an attorney's fee allowed Mrs. Walton's lawyer, to the amount Mrs. Walton may owe the estate, and to a partition suit that the son says he has filed in the Circuit Court of Boone County. There is no proof in this record of any of these matters and there is nothing in either the judgments of the probate court or of the circuit court concerning them and obviously they are not for consideration upon this appeal. In his motion in the probate court to set aside the order allowing homestead the son's counsel did state that the real estate claimed as homestead was being partitioned in the Circuit Court of Boone County but upon the trial of this cause in the circuit court there was no proof whatever of the pendency of a partition suit and of course counsel's verified motion in the probate court does not prove itself. In fact there is no proof or stipulation that E. W. Walton is the son and only heir of the deceased, the judgment recites that the conveyance be made subject to a lien "for such an amount as Eugene Wilson Walton * * * may have in said property * * * the amount of the interest" to be determined upon final settlement. The fact of the son's heirship seems to have been tacitly conceded in the circuit court, however, and it is therefore assumed here.

In the circuit court the only evidence offered, and it is sufficient for the determination of the only problem involved here, was what is said to have been "the transcript of the record from the probate court" and that includes only Mrs. Walton's application for exempt property, the order of the probate court, the original deed to the property to Mr. Walton and, presumably, his first wife, and, as previously

indicated, the administratrix' deed to herself and the inventory and appraisement filed in the probate court. This latter fact ·is specifically noted because there is no other proof of the value of the real estate, the probate and circuit courts accepted that evaluation and it is accepted here.

Thus it appears, reviewing his specific contentions, that the appellant does not challenge Mrs. Walton's right to homestead and he does not challenge the procedure by which it was applied for and allowed, and neither does he challenge her right to select and have her allowance satisfied out of this specific real property, hence it is not necessary to consider the essential nature and "broadened" concept of homestead (Owen v. Riffie, Mo., 323 S.W.2d 765; Reinheimer v. Rhedans, Mo., 327 S.W. 2d 823, 828; Simes (Michigan Legal Studies), Model Probate Code, Section 42, pp. 77–79), or to quote the amended statute in full. The total value of the estate was assumed to be $11,757.11 which less the exempt family allowance of $2,000 left a gross sum of $9,757.11 and, under the statute with this total valuation, a homestead allowance of $4,878.55. And in these circumstances there was no other property in the estate than the real estate, valued at $10,000, and Mrs. Walton of necessity selected that property from which to satisfy her claim. In so far as it is applicable to the precise circumstances of this case the amended statute, section 474.290, provides: "If real estate is included in the homestead allowance, the executor or administrator *shall convey the same or an appropriate interest therein* by deed to the person (here the widow) entitled thereto."

If the homestead allowance precisely equaled the value of the selected real estate, or if the real estate was less in value than the homestead and was therefore "included" in the allowance, there would be no problem, the real estate could then be conveyed directly to the widow without reservation and in fee simple. But the statute does not contemplate that any real estate the widow selects, regardless of it value and regardless of the value of her allowance, is to be conveyed to her without reservation. When the value of the real estate exceeds the value of the homestead, here by exactly one half, it is certainly not contemplated that the fee simple title be conveyed to the widow subject only to an indefinite, indeterminable lien in favor of an heir—as to real estate the statute says that the administratrix shall "convey the same *or an appropriate interest therein*." While the phrase "an appropriate interest therein" is not a term of art it is of force and meaning and necessarily must be given some effect. The statute and the suggested forms of applications and deeds do not spell out just what "an appropriate interest" is or how or in what manner such an interest is to be conveyed, or in the event, as here, the value of the land exceeds the value of the homestead just how or on what terms the appropriate homestead interest is to be conveyed. This is not to suggest that it is the proper or only one out of several possible methods, but in Owen v. Riffie, supra [323 S.W.2d 770], where the value of the land exceeded the value of the homestead, the parties stipulated that the chosen real estate should be conveyed to the widow "subject to the payment to the estate" by her the sum of $438.80, "the correct differential between the value of the homestead allowance and the one-half value of the estate." In any event, the deed here conveys to the widow, not "an appropriate interest therein" but the fee sˑ˥ple title subject only to a vague lien which, plainly, is a greater interest in value if not in estate than her homestead allowance admits if she is to receive an outright conveyance. The specific prayer of her application was that there be a "conveyance to her of an interest equal to the amount of the homestead allowance," instead she has received a fee simple title subject to a lien.

Mrs. Walton was entitled to her homestead allowance, she was entitled to select this particular real estate and in the circumstances have "an appropriate interest

therein by deed" conveyed to her but she was not entitled in these particular circumstances to a fee simple conveyance subject only to this particular lien or security device. Accordingly, in so far as it fixes the homestead allowance and subjects the selected real estate to its satisfaction, the judgment is affirmed, but in so far as it approves this particular conveyance the judgment is 'reversed and the cause is remanded to the end that the parties and the courts may proceed and take such further steps, consistent with this opinion, as are deemed appropriate.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.