Valencia WYATT, Wayne T. Wyatt, George L. Bauer, Elizabeth Bauer, and Helen Jo Bauer, Plaintiffs-Appellants,

v.

Daisy BAUER, Robert F. Bauer, and Joseph Lee Bauer, Defendants-Respondents.

No. 22996.

Kansas City Court of Appeals.

Missouri.

Jan. 18, 1960.

302

Crouch & Fitzgerald, Warrensburg, for appellants.

Orin J. Adams, Kingston, for respondents.

CAVE, Presiding Judge.

This is a proceeding to partition real estate. The facts are undisputed.

Francis Joseph Bauer died intestate February 5, 1956, a resident of the village of Hamilton, Missouri. He owned five lots on which was located his home. He was survived by his wife, Daisy Bauer, and five adult children. The plaintiffs are his children by a prior marriage; and defendants Robert F. Bauer and Joseph Lee Bauer are his children by Daisy Bauer. All are over the age of 21 years. He and Daisy Bauer had occupied the premises as their home from 1926 until the time of his death, and the widow has continued to live thereon.

Daisy Bauer was appointed administratrix. The deceased's personal property was inventoried at $400, and the real estate was valued at $10,000. In due time, the widow applied for the exempt personal property under Section 474.250; and also for her homestead allowance as provided by Section 474.290, V.A.M.S. She elected to take for her homestead allowance a value of $5,000 in the real estate. She did not ask for the allowances under Section 474.260.

The probate court entered judgment sustaining the application and awarded the widow the $400 exempt property, and found that the value of the real estate was $10,-000; that she had elected to take "an amount not exceeding 50% of the value of said estate as her homestead allowance * * *", as provided in Section 474.290,

and ordered that she "be allowed an undivided one-half interest in the real estate * * * as and for her homestead interest in said estate, and it is further ordered that Daisy Bauer, administratrix, * * * be, and she is hereby authorized and directed to execute and deliver to herself as the widow of * * * deceased, a proper deed conveying an undivided one-half interest in said real estate as her homestead interest in said estate".

Such a deed was executed and placed of record. Thereafter, final settlement was made and the administratrix discharged, February 26, 1957, concluding the probate court proceedings. This partition suit was filed July 8, 1957. The parties do not question the validity of the probate court proceedings or the deed executed in compliance therewith. Therefore, we confine our decision to the issue of whether, under this record, the real estate can be sold in partition.

Plaintiffs' petition is brought on the theory that the children of Francis Joseph Bauer and his widow are tenants in common; that the widow owns an undivided one-half interest in fee; and that each child owns a one-tenth interest in fee.

The widow's answer admits certain uncontroverted facts; and alleges that the children of deceased are the owners, as tenants in common, of an undivided one-half interest in the land, and that she "is the owner of an undivided one-half interest *in fee,* as her *homestead,* under deed to homestead * * *; that said real estate is not subject to partition; that this court is without jurisdiction, and cannot legally decree a partition and sale of (her) homestead therein".

The trial court found that "the real estate * * * is not subject to partition and sale as prayed * * * which would include the sale of the homestead of * * * Daisy Bauer in said * * * real estate;" and dismissed plaintiffs' petition. They perfected their appeal to this court.

■ Since the parties admit that the title to the property is in fee according to the proportionate interest of each, we are of the opinion that title to real estate is not involved in the constitutional, jurisdictional sense, and that this court has jurisdiction of the cause. Constitution of Missouri, Article V, Sections 3 and 13, V.A.M.S.; Mack v. Mack, Mo., 281 S.W.2d 872, and Stewart v. Stewart, Mo., 269 S.W.2d 49.

It is agreed that the real estate cannot be divided in kind. The question is, can it be ordered sold and the proceeds distributed to the parties according to their respective interest?

In support of her contention that her homestead cannot be sold, the widow cites cases decided under the old homestead statutes, first enacted in 1865, and carried forward, with some amendments, into the 1949 revision as Sections 513.475, 513.495, and 513.500. Under these sections, the homestead interest of the widow was for life, determinable upon her death or remarriage; and as to the minor children, an estate for years, determinable as each attained his majority. Moore v. Mansfield, Mo.Sup., 286 S.W. 353; Martin v. Martin, 313 Mo. 476, 485, 285 S.W. 92.

It is interesting, and unbelievable, to recall that when these homestead statutes were first enacted in 1865, they allowed the widow and minor children a homestead with a maximum value of $1,500, except in cities having a population of 40,000 or more, in which case the maximum value was $3,000; Section 513.475. These values have remained unchanged for 90 years. No doubt that is one of the many reasons the legislature, in 1955, rewrote our archaic and outmoded probate law on this subject. The new Act is found in Laws 1955, page 390 et seq. It became effective January 1, 1956. Mr. Bauer died February 5, 1956, and we must apply the new Act in deciding the question presented. At this point, it is well to mention that the 1955 Act was amended in several respects in 1957, see Laws that year, page 830 et seq. But those amendments are not controlling in the instant case.

■ The right of homestead is not a common law estate or right, but purely a creature of statute. Its nature and extent is governed by the law in force at the date of the death of the head of the family. Schowe v. Kallmeyer, 323 Mo. 899, 20 S.W. 2d 26.

Section 138, Laws of 1955, now Section 474.290 V.A.M.S., is the new homestead statute. It repeals, at least by implication, old Sections 513.495 and 513.500, and makes an entirely new approach to the homestead estate created for a surviving spouse and unmarried minor children. There are no such children in this case, and we discuss the section relative to the rights of the widow only.

It provides, in substance, that upon the application of the surviving spouse, the probate court shall make an allowance "not exceeding fifty per cent of the value of the estate, exclusive of exempt property, and the allowance made under section 474.260, but in no case shall the allowance exceed seven thousand five hundred dollars. Such allowance shall be known as a homestead allowance * * * (and) may consist, in whole or in part, of money or property, real or personal * * *. *The homestead allowance shall be the absolute property of the surviving spouse,* if any; * * *. If real estate is included in the homestead allowance, the executor or administrator shall convey the same *or an appropriate interest therein* by deed to the person entitled thereto. The homestead allowance is exempt from all claims against the estate. * * * (and) Shall be charged against the share to which the surviving spouse * * * is entitled as a distributee of the estate. * * * (3) The allowance made under this section is in lieu of all dower and homestead rights in the land of a decedent. After the effective date of this section no right of homestead under Sections 513.495 and 513.500 RSMo vests in the surviving spouse or minor children of any decedent, * * *". (Italics ours.)

■ It is apparent that this section is a complete departure from the theory and purpose of homestead under the old sections. It clearly gives the surviving spouse title in *fee simple* to the interest in real estate selected, if conveyed by deed, because it provides that the homestead allowance "shall be the absolute property of the surviving spouse". It has been held that the expressions "fee simple" and "absolute property" are interchangeable and are definitions each of the other. Middleton v. Dudding, Mo.Sup., 183 S.W. 443; Vaughan v. Compton, Mo.Sup., 235 S.W.2d 328, and Glidewell v. Glidewell, 360 Mo. 713, 719, 230 S.W.2d 752. Also, the homestead allowance may be selected in real estate or personal property, or a portion in real estate and a portion in personalty. The old sections restricted the homestead to real estate, and created only a limited estate or interest; i. e., until death or remarriage.

The section also provides that if real estate is included in the homestead allowance, the executor or administrator "shall convey the same *or an appropriate interest therein* by deed to the person entitled thereto". The phrase, "an appropriate interest therein", is rather indefinite in meaning and purpose, but it must be given some effect. Unquestionably, many controversial questions will arise under different factual situations, such as were discussed in Owen v. Riffie, Mo., 323 S.W.2d 765; Reinheimer v. Rhedans, Mo., 327 S.W.2d 823; In Matter of Estate of Bell, Mo., 328 S.W.2d 697, and Walton v. Walton, Mo., 330 S.W.2d 834. For a discussion of homestead rights, under the Code, see Maus Probate Practice, Vol. 4, page 386, et seq., and 21 Mo.L.Rev. 151.

■ We will not undertake to discuss the several possible methods that might be used to convey to the widow her "appropriate interest" if real estate is selected as her homestead, because, in this case, the probate court found, and the parties agree, that the true value of the real estate was $10,000 at the date of the probate court order, to which there were no exceptions; and that this represented the *value of the estate.* Under such circumstances, the widow is en-

titled to "an amount not exceeding fifty per cent of the *value of the estate* \* \* \*"; but not exceeding "seven thousand five hundred dollars". Thus, the homestead allowance made to the widow is within the limitations so provided; and in effect entitled her to a one-half interest as her "absolute property". The result would be that the widow owned a one-half interest *in fee,* and the children (there are five) would each own a one-tenth interest *in fee* by inheritance.

Under such circumstances, it is our conclusion that the parties own the real estate as tenants in common. And since it is agreed that it cannot be divided in kind, it should be ordered sold in partition and the proceeds distributed according to the respective interests of the parties.

To hold otherwise would permit the widow to retain possession and the use of the entire property although owning only one-half thereof. We do not believe the statute does, or was intended to, create such a result.

It has never been the law that a widow's homestead interest could not be sold in partition under any condition or circumstance. Section 513.525, first enacted in 1865, has always authorized such a proceeding to be brought in the circuit court, when the property is such that the homestead cannot be severed from the residue of the land connected therewith without great injury to the interested parties. Such a proceeding, under that statute, was approved by the Springfield Court of Appeals as recently as 1954 in Osborn v. Osborn, 241 Mo.App. 1175, 274 S.W.2d 32. That opinion reviews many authorities on the subject and we will not lengthen this opinion by reiterating the same. However, this proceeding was not and need not be brought under Section 513.-525, but under Section 528.030.

Many of the cases cited by the widow discuss the broad and benevolent purpose of the old homestead statutes. Generally, they were intended to provide shelter and protection for the widow and minor children, and create an estate or interest which was beyond the reach of creditors or financial misfortune. But it is apparent that the maximum value ($1,500–$3,000) placed on a homestead ninety years ago would provide little protection under modern economic conditions. No doubt the legislature had this in mind when it adopted the present liberal statute, which also *exempts* the homestead "from all claims against the estate" of deceased.

From what has been said, it follows that the judgment dismissing the petition is reversed and the cause remanded with directions to reinstate the petition and proceed to dispose of the case in accordance with the holding herein. It is so ordered.

All concur.